Kevin **NELSON,** Plaintiff,

v.

R. **MICHALKO,** Correctional Officer, A. Hicks, Correctional Officer, R. Edwards, Correctional Sergeant, D. Ryan, Lieutenant, and R.J. McClellan, Superintendent, Defendants.

No. 95–CV–6471 CJS.

United States District Court, W.D. New York.

Jan. 20, 1999.

Kevin Nelson, plaintiff pro se.

Emil J. Bove, Jr., for defendant.

## DECISION AND ORDER

SIRAGUSA, District Judge.

This is an action pursuant to 42 U.S.C. § 1983, in which the plaintiff, a prison inmate, alleges that he was sexually assaulted by a corrections officer during a frisk, that the corrections officer filed a false misbehavior report regarding the incident, that as a result of the misbehavior report he was denied certain privileges, and that at his disciplinary hearing, the hearing officer refused to provide him with an assistant, all in violation of his rights under the United States Constitution and the laws of the State of New York. Before the Court is the defendants' motion to dismiss [# 31]. For the reasons that follow, the defendants' application is granted.

## BACKGROUND

On August 23, 1995, the plaintiff was incarcerated at Southport Correctional Facility. On that day, the defendant corrections officers R. Michalko and A. Hicks were conducting a frisk of the plaintiff. While the plaintiff stood facing a wall, defendant Michalko used a hand-held metal detector to check the plaintiff for contraband. In his complaint, the plaintiff alleges that Michalko then "intentionally, aggressively shoved the hand held metal detector up between my anal body area for no reason, 'sexually assaulting' me." From reading all of the plaintiff's papers, it appears that the plaintiff was fully clothed during the frisk, and that Michalko allegedly pushed the metal detector between the plaintiff's thighs. The plaintiff turned and complained to Michalko, but Michalko told the plaintiff to face the wall. The plaintiff alleges that Michalko then "sexually assaulted" him again in the same manner, and the plaintiff again verbally objected to the alleged assault. Officer Hicks, who had also been ordering the plaintiff to face the wall, then ordered the plaintiff back to his cell. Officers Michalko and Hicks then escorted the plaintiff to the gallery where his cell was located. At the entrance to the gallery, they were met by Sergeant Edwards. The plaintiff started to complain to Edwards about Michalko, but Edwards ignored the plaintiff and ordered him to follow Officer Hick's directions. Officer Hicks then ordered the plaintiff to face the wall, and frisked the plaintiff. The plaintiff was then returned to his cell. Later that day, Officers Michalko filed an Inmate Misbehavior Report, endorsed by Officer Hicks, charging the plaintiff with refusing a direct order, violating frisk procedures and harassment. Sergeant Edwards then issued a Deprivation Order, which denied the plaintiff his shower, cell clean-up privilege, and exercise for that day. Also that same day, the plaintiff filed an Inmate Grievance Complaint against Michalko, which stated, in relevant part, that Michalko "used the metal detector and sexually assaulted me by shoving up the metal detector between my thighs towards my anal area." On August 29, 1995, the plaintiff wrote a letter to Southport Superintendent R.J. McClellan, reiterating the allegations in his grievance, and concluding by stating that "I would like for you to remove Officer R. Michalko from doing recreation and abolish the ticket because of R. Michalko's action." By memo dated September 2, 1995, Superintendent McClellan informed the plaintiff that his letter had been referred to R. Morse, Deputy Superintendent for Security Services,

and that Mr. Morse would investigate the plaintiff's complaint and respond to the plaintiff directly. On September 5, 1995, a Tier II hearing on the aforementioned misbehavior report was conducted by Lieutenant Ryan. At the hearing, the plaintiff complained that he had not been given an assistant to help him prepare for the hearing. Prior to the hearing, on August 24, 1995, pursuant to 7 NYCRR, Part 251 C of Chapter V, the plaintiff had been given a "Tier Assistance Selection Form" to complete. The instructions printed at the top of the form stated that the plaintiff was to choose three names from a list of persons qualified to act as inmate assistants, and that "[i]f you choose *not* to select three (3) assistants, and the assistant you did select is not available, you waive your right to an assistant." The plaintiff made only two selections, and apparently both of the assistants whom he requested were unavailable. Ryan explained to the plaintiff that since he had not indicated a third choice for assistant, that he had waived his right to an assistant. Ryan then proceeded with the hearing, despite the plaintiff's objections. As a result of being denied an assistant, it appears that the plaintiff was unable to put forth a defense. At the conclusion of the hearing, Ryan found the plaintiff guilty of all three infractions, and sentenced the plaintiff to thirty days of keeplock. The plaintiff unsuccessfully appealed this determination, and accordingly, Ryan's determination is undisturbed. By memo dated September 7, 1995, Deputy Superintendent Morse informed the plaintiff that he found that the prison staff acted appropriately and that the plaintiff's loss of privileges was solely the result of the plaintiff's misbehavior.

Issue was joined in this action on December 4, 1995. Liberally construing the pro se plaintiff's complaint, he is asserting the following claims: 1) a claim against Michalko and Hicks for sexual assault, in violation of his rights under the 8th Amendment and 14th Amendment Substantive Due Process Clause; 2) a claim against Michalko and/or Wicks for filing a false misbehavior report, in violation of his rights under the 14th Amendment Due Process Clause; 3) a claim against Edwards for depriving him of shower, exercise and cell cleanup privileges on August 23,

1995, in violation of his rights under the 14th Amendment Due Process Clause; 4) a claim against Ryan for conducting the disciplinary hearing in violation of his 14th Amendment Due Process rights; and 5) a claim against McClellan for all of the above, apparently on a theory of respondeat superior liability. On April 13, 1998, the defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) [# 31]. The Court issued a motion scheduling order [# 33] on April 20, 1998, which stated that the plaintiff's failure to file and serve a response to the motion by May 15, 1998, could result in the action being dismissed. The plaintiff has not responded to the motion to dismiss.

## ANALYSIS

Initially, the Court notes that motions pursuant to Fed.R.Civ.P. 12(b) are to be made "before pleading if a further pleading is permitted." The defendants answered the complaint prior to making this motion, therefore this motion is more correctly treated as a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). *National Ass'n of Pharm. Mfrs., Inc. v. Ayerst Labs., Div. of/and American Home Prod. Corp.*, 850 F.2d 904, 909 n. 2 (2d Cir.1988). However, the Court applies the same standard to either motion. *Id.*

> In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6). Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. This standard is applied with particular strictness when the plaintiff complains of a civil rights violation.

*Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994) (Citations and quotation marks omitted), *cert. denied*, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994).

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to

a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States.

*New York Magazine, a Div. of Primedia Magazines, Inc. v. Metropolitan Transp. Auth.*, 136 F.3d 123, 127–28 (2d Cir.1998) (Citations and quotation marks omitted), *cert. denied*, ⸺ U.S. ⸺, 119 S.Ct. 68, 142 L.Ed.2d 53 (1998).

[I]t is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983.

*Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987).

■ The plaintiff's claims against Michalko and Wicks for sexual assault must be dismissed. "[S]exual abuse of an inmate by a corrections officer may reach constitutional dimensions and give rise to an Eighth Amendment claim under Section 1983." *Boddie v. Schnieder*, 105 F.3d 857, 859 (2d Cir.1997). However, to establish an Eighth Amendment violation, the plaintiff must demonstrate that the alleged sexual abuse was "objectively, sufficiently serious," and that the defendant acted with a "sufficiently culpable state of mind." *Id.* at 861. Here, it appears clear that the plaintiff cannot satisfy either of these two elements. Essentially, the plaintiff alleges that on a single occasion, during a lawful frisk, Michalko used a handheld metal detector to touch the plaintiff between his legs, in what the plaintiff calls his "anal area." The plaintiff does not allege that the frisk was otherwise unjustified, or

that Michalko or Wicks said or did anything to indicate they had a sexual intent in touching him with the metal detector. The Court finds that these facts do not allege the type of "severe or repetitive sexual abuse" that would rise to the level of a Eighth Amendment violation. *See, Boddie*, 105 F.3d at 861; *Williams v. Kane*, No. 95 CIV. 0379 AJP JGK, 1997 WL 527677, at *8–11 (S.D.N.Y. Aug. 25, 1997). Nor has the plaintiff stated a claim under the Fourteenth Amendment Substantive Due Process Clause, which protects individuals against "government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir.1995). Therefore, the plaintiff's claims for sexual assault must be dismissed.

■ The plaintiff's claim that Michalko and/or Wicks wrote a false misbehavior report[1] must also be dismissed. It is well-settled that a "prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report. There must be more, such as retaliation against the prisoner for exercising a constitutional right." *Boddie*, 105 F.3d at 862 (Citations omitted). Here, the plaintiff does not allege that Michalko wrote the misbehavior report in retaliation for the plaintiff exercising his First Amendment right to petition the government for redress concerning the alleged sexual assault, and in fact, it clearly appears that Michalko lodged the misbehavior report against the plaintiff before the plaintiff filed his grievance.[2] Rather, the plaintiff alleges that Michalko wrote the misbehavior report "to cover his malicious, intention[al], humiliating and embarrassing 'sexual assault.'" However, the plaintiff does not allege that Michalko's misbehavior report in any way hindered or prevented him from

---

1. The misbehavior report charged the plaintiff with refusing a direct order, violating frisk procedure and harassment. While on the one hand the plaintiff characterizes the misbehavior report as "false," he also admits that in response to the manner in which Michalko was allegedly conducting the frisk, he moved away from the wall and directed verbal comments at Michalko. Thus, the plaintiff is not arguing that he did not commit the acts complained of by Michalko, but rather, that he was justified in committing them because of Michalko's actions.

2. The plaintiff's inmate grievance recites the fact that he was denied his shower for that day. However, the plaintiff's shower privilege was denied by Sergeant Edwards, pursuant to 7 N.Y.C.R.R. 305.2, in response to Michalko's inmate misbehavior report, which appears to establish that the misbehavior report preceded the grievance.

exercising his First Amendment right to file a grievance against Michalko, and later, this lawsuit. Other courts that have considered this same issue have held that a prison guard's act of issuing a false misbehavior report to "cover up" his own misconduct or to prevent the inmate from seeking redress does not rise to the level of a constitutional violation, where there is no evidence that the filing of the false report actually hindered or prevented the prisoner from exercising his constitutional right to seek redress, either through the grievance procedure or by filing a lawsuit. *See, Husbands v. McClellan,* 957 F.Supp. 403, 407 (W.D.N.Y.1997); *Wright v. Kelly,* No. 95–CV–0688H, 1998 WL 912026, at *2 (W.D.N.Y. Oct. 16, 1998). Based upon the persuasive authority of those cases, the Court finds that the allegations regarding the filing of the misbehavior report fail to state a claim, and must be dismissed.

■ The claim against Ryan must also fail. The plaintiff alleges that Ryan violated his Fourteenth Amendment Procedural Due Process rights when he forced the plaintiff to proceed with the disciplinary hearing without an inmate assistant. However, the Court finds that the plaintiff's sentence of thirty days in keeplock, without more, does not constitute a restraint or condition of confinement that exceeded the plaintiff's sentence in an "unexpected manner" or that created an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Arce v. Walker,* 139 F.3d 329, 333–34 (2d Cir.1998). Therefore, the plaintiff had no valid liberty interest in avoiding that sentence. Moreover, even if the plaintiff had a liberty interest, his claim would be barred because he does not state that this conviction at the hearing was ever successfully appealed or invalidated. A plaintiff may pursue an action for damages under 42 U.S.C. § 1983 for alleged procedural due process violations at a prison disciplinary hearing, where the plaintiff's claims, if proven, would necessarily imply the invalidity of the hearing, only if relief from the underlying 'conviction' is obtained first. *See Burnell v. Coughlin,* 975 F.Supp. 473, 476–479 (W.D.N.Y.1997); *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Here, the Court finds that, while the plaintiff's allega-

tions, if proven, would necessarily imply the invalidity of the disciplinary hearing, since the plaintiff has not successfully appealed his conviction at that hearing, the claim against Ryan must be dismissed.

■ The claim against McClellan must also be dismissed, because the plaintiff has not alleged that McClellan was personally involved in any alleged constitutional violation. In his complaint, the plaintiff states that McClellan "is responsible for enforcing the 'Pat Frisk Procedures' .... He is responsible for the training and supervision of correctional personnel employed at Southport Correctional Facility." The complaint further states that

> I wrote to Superintendent R.J. McClellan who has power over all the above defendants ... as supervisor, about the incident on August 29, 1995, and was told the situation was also forwarded to R. Morse, Deputy Superintendent for Security Services for investigation and in the near future I [would] be hearing from him. I received the letter on September 5, 1995, after a disciplinary hearing was held.

In an action pursuant to 42 U.S.C. § 1983 where money damages are sought, the doctrine of respondeat superior is inapplicable; the defendant must be personally responsible for the constitutional deprivation. *See, Al–Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 (2d Cir.1989). However, direct participation is not always necessary. *Id.* at 1066.

> [a] supervisory official is liable for constitutional violations if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.

*Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997) (Citation omitted). Here, however, the allegation that the plaintiff and McClellan corresponded regarding the alleged assault by Michalko does not state a claim under 42 U.S.C. § 1983, *see id.,* and there is no other allegation that McClellan did anything, either

personally or in his supervisory role, to harm the plaintiff or to violate his constitutional rights. Accordingly, the claim(s) against McClellan must be dismissed.

Finally, the plaintiff's claim against Edwards must also be dismissed. The plaintiff alleges that as a result of the deprivation order issued by Edwards, he was deprived of one five-minute shower, one day of exercise and one day of cell clean-up, in violation of his rights under the Eighth and Fourteenth Amendments. The Eighth Amendment protects against the "unnecessary and wanton infliction of pain" on prisoners. *Boddie*, 105 F.3d at 861. The Fourteenth Amendment Due Process Clause protects prisoners from restraints or conditions of confinement that exceed the sentence in an "unexpected manner" or that create an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Arce v. Walker*, 139 F.3d 329, 333–34 (2d Cir.1998). Clearly, the plaintiff's loss of one day's exercise, shower and cell clean-up privileges is de minimis, and does not state a cause of action under either the Fourteenth Amendment Due Process Clause or the Eighth Amendment.

The Court has not analyzed the plaintiff's state law claims. However, where, as here, all of the plaintiff's federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims. *Lanza v. Merrill Lynch & Co., Inc.*, 154 F.3d 56, 61 (2d Cir.1998). Accordingly, the plaintiff's state law claims are also dismissed.

## CONCLUSION

Accordingly, the defendants' application [# 31] is granted, and the complaint is dismissed in its entirety, with prejudice.

So ordered.