**Luis JUSINO MERCADO, et al., Plaintiffs,**

v.

**COMMONWEALTH OF PUERTO RICO, et al., Defendants.**

No. Civ. A. 98–1536(HL).

United States District Court, D. Puerto Rico.

March 24, 1999.

*v. St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 448 N.E.2d 357, 360 (1983).

Ginoris Vizcarra–Lopez–Lay, Santurce, PR, for plaintiffs.

Francisco A. Ojeda–Diez, Pedro J. Durand–Hernandez, Department of Justice, Federal Litigation Division, San Juan, PR, for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is a motion to dismiss pursuant to Federal Rule 12(b)(1) filed by the Commonwealth of Puerto Rico, the Puerto Rico Administration of Corrections ("the Administration"), and Zoe Laboy in her official capacity. Laboy is the head of the Administration. Plaintiffs are seventy-four current or former employees of the Administration.[1] They bring this claim pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201—219 ("FLSA").

In ruling on a Rule 12(b)(1) motion, the Court must liberally construe the complaint and take as true Plaintiffs' well-pled factual allegations. *Aversa v. United States,* 99 F.3d 1200, 1209–10 (1st Cir. 1996). Plaintiffs allege that as employees of the Puerto Rico prison system they have not been properly paid for their work. Specifically, they allege that they have been denied time-and-a-half pay for working over forty hours in a week or over eight hours in a day; that their time is not properly credited when they attend mandatory trainings; that they are required to arrive early to prepare for work and attend roll call, but they are not paid for this time; that they are deprived adequate time for meals; that at times they are

---

1. The complaint contains forty-five individual plaintiffs. Plaintiffs have moved to include the FLSA claims of twenty-nine additional Administration employees (docket no. 13). Defendants have not opposed this request. Therefore, the Court grants the motion to add these individuals as plaintiffs.

required to work during their meal time; and that some of them are misclassified as exempt employees. Plaintiffs allege that these practices are ongoing and that they constitute violations of the FLSA. They seek damages pursuant to section 216 of the FLSA. They also request a declaratory judgment that Defendants have willfully violated the FLSA; an accounting from Defendants of all time and wages owed to each plaintiff; and liquidated damages.

In their motion to dismiss, Defendants claim that they are entitled to immunity under the Eleventh Amendment. Plaintiffs oppose this motion and argue that the Eleventh Amendment does not provide Puerto Rico with such protection. For the reasons set forth below, the Court grants the motion to dismiss.

## DISCUSSION

■ Defendants claim that they are protected by the Eleventh Amendment.[2] This amendment generally provides unconsenting states with immunity from suit in federal court. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996); *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). For purposes of Eleventh Amendment immunity, Puerto Rico has long been treated as a state. *See Futura Development v. Estado Libre Asociado*, 144 F.3d 7, 12–13 (1st Cir.1998); *Metcalf & Eddy v. Puerto Rico Aqueduct and Sewer Auth.*, 991 F.2d 935, 939 n. 3 (1st Cir.1993); *Aviles–Martinez v. Monroig*, 963 F.2d 2, 7–8 (1st Cir.1992); *Culebras Enterprises Corp. v. Rivera Rios*, 813 F.2d 506, 516 (1st Cir.1987); *Ezratty*

*v. Commonwealth of Puerto Rico*, 648 F.2d 770, 776 n. 7 (1st Cir.1981). This immunity applies to suits brought either based on diversity or federal question jurisdiction. *Strahan*, 127 F.3d at 166. Furthermore, a prison system is an essential arm of the state and therefore also protected. *Wilson v. Brown*, 889 F.2d 1195, 1197 (1st Cir.1989).

■ The protection provided by the Eleventh Amendment is not absolute. Congress may, with a valid exercise of its power, express its intent to abrogate this immunity. *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985). The Supreme Court has clarified that when Congress legislates pursuant to its Commerce Clause power, it may not abrogate a state's Eleventh Amendment immunity. *See Seminole Tribe*, 517 U.S. at 63–73, 116 S.Ct. at 1128–32. And in the context of the FLSA, the First Circuit has recently held that Congress intended to abrogate the states' Eleventh Amendment immunity, but in so doing Congress acted pursuant to its powers under the Commerce Clause, and therefore under *Seminole Tribe* this abrogation is invalid. *Mills v. Maine*, 118 F.3d 37, 42–48 (1st Cir.1997). Thus, state employees may not bring FLSA actions against their state government employers in federal court.

■ The *Mills* case is instructive. There, ninety-six current and former probation and parole officers alleged that they were denied proper payment for their overtime work, in violation of 29 U.S.C. § 207. *Id.* at 41. The First Circuit analyzed the FLSA and concluded that Congress was acting pursuant to the Commerce Clause and not the Fourteenth

**2.** Defendants invoke the Eleventh Amendment and style their motion to dismiss as one for lack of subject matter jurisdiction under Rule 12(b)(1). The Eleventh Amendment provides states with sovereign immunity from suit; it is not a nonwaivable limit on the federal court's subject matter jurisdiction. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S.Ct. 2028, 2033, 138 L.Ed.2d 438 (1997);

*Strahan v. Coxe*, 127 F.3d 155, 166 (1st Cir. 1997). Thus, the motion should properly be brought under 12(b)(6) for failure to state a claim. The Court makes note of this discrepancy in passing, however, for the difference in nomenclature has no effect on either the Court's standard of review or the ultimate outcome of this case.

Amendment. *Id.* at 42–48. Therefore, the state officers could not bring their claim in federal court. *Id.* at 48–49. The First Circuit held that because the officers were seeking monetary relief for past violations of federal law, the officers could not invoke *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *Id.* at 54. Furthermore, the plaintiffs were not entitled to declaratory relief because the Eleventh Amendment precluded any monetary remedy and because any declaratory judgment would be useful only if it were to be offered in a state court case seeking money damages. *Id.* at 54 (relying on *Mansour,* 474 U.S. at 71–73, 106 S.Ct. at 427–28). Also, under the FLSA only the Secretary of Labor may seek injunctive relief; individual employees are limited to claims for unpaid wages and liquidated damages. *Id.* at 55.

The similarities between the present case and *Mills* do not bode well for Plaintiffs. Because Puerto Rico, like Maine, is protected by the Eleventh Amendment and because the FLSA's attempted abrogation of Eleventh Amendment immunity is invalid, Plaintiffs are not entitled to monetary relief. Plaintiffs also seek a declaratory judgment that Defendants have violated the FLSA and an injunction ordering Defendants to make an accounting of all time and wages owed to each plaintiff. This injunctive relief would be useful only for res judicata purposes in an action under the FLSA in local court. Moreover, only the Secretary of Labor-not Plaintiffs-may seek injunctive relief. *See id.* at 54–55. Thus, because of the factual and legal similarities between this case and *Mills,* the Court follows the holding of the latter case and grants Defendants' motion to dismiss.

In their opposition, Plaintiffs mount a spirited defense of their case. They argue that Puerto Rico is an unincorporated territory, that Congress' authority over Puerto Rico is derived from the Territorial Clause, that this plenary power far exceeds Congress' power to pass legislation affecting the States, and that Congress may authorize private enforcement actions in federal court against unincorporated territories such as Puerto Rico. They also argue that the Eleventh Amendment is intended to protect the sovereignty of States, not territories. Therefore, the Eleventh Amendment does not apply to Puerto Rico. In making this ingeniously original argument, Plaintiffs cite to a variety of historical, political, and legal sources and raise issues that have percolated for decades in the debate over Puerto Rico's status. While these issues are certainly pertinent to the future of this island, this case is not the proper forum for addressing them. This is so because Plaintiffs' conclusion that the Eleventh Amendment does not apply to Puerto Rico flies in the face of the overwhelming weight of First Circuit authority which holds Puerto Rico is treated as a state for purposes of the Eleventh Amendment. *See Futura Development,* 144 F.3d at 12–13; *Metcalf & Eddy,* 991 F.2d at 939 n. 3; *Aviles–Martinez,* 963 F.2d at 7–8; *Culebras Enterprises,* 813 F.2d at 516; *Ezratty,* 648 F.2d at 776 n. 7. On the strength of this precedent, the Court's analysis becomes straightforward. The Eleventh Amendment does protect Puerto Rico. Therefore, this case must be dismissed.

WHEREFORE, the motion to dismiss (docket no. 4) is hereby granted. Judgment shall be entered accordingly dismissing this case without prejudice.[3] This case may be brought in local court.

**IT IS SO ORDERED.**

---

3. In a footnote of their opposition, Plaintiffs state that if this Court were to find—as it does today—that the Eleventh Amendment precludes this claim from being brought in feder-

al court, their cause of action should be transferred to local court. *See* docket no. 6, at 1–2 n.1. Here again, the decision in *Mills* forces this Court to deny Plaintiffs' request. In *Mills,* the plaintiffs challenged the district court's decision to dismiss rather than transfer the case to state court. The First Circuit held that when the Eleventh Amendment shields a state from a federal court cause of action and when there is no state enabling statute specifically providing for cases to be transferred from federal to local court, the federal court has the duty to dismiss the case. *See* 118 F.3d at 51–52. So it is here. The Court is unaware of any Puerto Rico statute which allows for its court system to receive a case transferred from this Court, and Plaintiffs have cited to no such statute. Therefore, this Court is obligated to dismiss—and not transfer—the present claim.