Gustavo **MARTINEZ–MACHICOTE,**
Plaintiff

v.

Rosa **RAMOS–RODRIGUEZ,**
et al., **Defendants.**

**Civil No. 06–2112 (FAB).**

United States District Court,
D. Puerto Rico.

Aug. 23, 2007.

Gustavo A. Martinez–Machicote, Ponce, PR, pro se.

Maria Maury–Soto, P.R. Department of Justice—Federal Litigation, Valerie Maldonado–Rivera, Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On November 6, 2007, Gustavo A. Martinez Machicote filed a *pro se* complaint against defendants the Corrections and Rehabilitation Administration of Puerto Rico ("CRA"); Annie Gonzalez Perez, Community Program Manager; and Rosa Ramos Rodriguez, Supervisor of the Electronic Supervision Program (collectively, "defendants"). (Docket No. 2) According to his complaint, Martinez Machicote was convicted of "crimes of sexual violation, sodomy, lascivious acts and kidnaping among other crimes", and is serving an 86–year sentence in a minimum custody facility in Rio Piedras, Puerto Rico.[1] (Docket No. 2, 1)

Martinez Machicote filed an application before the CRA to be considered for the Department of Corrections' Electronic Supervision Program. According to Mar-

---

1. Plaintiff first filed a similar complaint on September 1, 2005. On August 3, 2006, however, the complaint was dismissed by Judge Jaime Pieras, Jr. due to plaintiff's failure to file his pleadings in English, and failure to file certified translations of his pleadings. (*See,* Case No. 05–1925, Docket No. 8).

tinez Machicote's complaint and the exhibits attached to it,[2] on August 29, 2002 a "Plan to Design Treatment Alternatives" was evaluated by the CRA to determine whether Martinez–Machicote qualified for the privilege of electronic supervision. After an investigation, the privilege was denied. Martinez Machicote then filed an "application for reconsideration". After considering his request, the CRA held that the investigation carried out by the CRA's Community Program demonstrated that there was a "strong risk of contact between the convict and the affected parties". In addition, the CRA found that Martinez–Machicote was a " 'Dangerous Sexual Delinquent', which [sic] represents a high risk to the community". Furthermore, the CRA expressed that "[t]he crime for which the convict is carrying out his sentence constitutes a series of events committed by the convict on different dates, which would serve as evidence of repetitive aggressive sexual conduct in acts of this nature". (Docket No. 2) Consequently, Martinez–Machicote's request for reconsideration was denied on January 16, 2003.

In his complaint, Martinez Machicote alleges that the defendants, acting together, conspired to designate him as a "Dangerous Sexual Delinquent", and denied him placement in the Department of Corrections' Electronic Supervision Program in violation of his due process rights under the Fourteenth Amendment of the Constitution. Id. Plaintiff emphasizes, however, that he is not asking this court to review CRA's decision denying the electronic supervision privilege. Instead, he avers, "it is more a matter of the case that the defendants have accused the petitioner of this epigraph [sic] willingly, maliciously

and in a premeditated manner as a 'Dangerous Sexual Delinquent' with the intention of disqualifying [him] of the above mentioned privilege." (Docket No. 2)

On February 26, 2007, defendants Ramos–Rodriguez and Gonzalez–Perez moved the Court to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 13). On March 21, 2007, plaintiff opposed the motion to dismiss (Docket No. 17). On July 3, 2007, the CRA also filed a Motion to Dismiss (Docket No. 20). CRA's Motion to Dismiss stands unopposed.

For the reasons discussed below, the Court **GRANTS** defendants' motions to dismiss and dismisses this suit.

### DISCUSSION

A. *Motion to Dismiss Under Fed. R.Civ.P 12(b)(6)*

Pursuant to Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995); *Wash. Legal Found. v. Mass. Bar Found.,* 993 F.2d 962, 971 (1st Cir.1993). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990).

When a plaintiff complaining of civil rights violations is representing himself, his complaint must be read with an extra degree of solicitude. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30

---

**2.** *See Rodi v. Southern New England School of Law,* 389 F.3d 5, 12 (1st Cir.2004) ("In ruling on whether a plaintiff has stated an actionable claim, an inquiring court, be it a trial or appellate court, must consider the complaint, documents annexed to it, and other materials fairly incorporated within it.")

L.Ed.2d 652 (1972); *Rivera Borrero v. Rivera Correa*, 93 F.Supp.2d 122, 123 (D.P.R.2000). Dismissal of a *pro se* complaint is not warranted unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" *Id.* Under this generous standard, the Court takes plaintiff's allegations as true and construes them in the light most favorable to his claims. *LaChapelle v. Berkshire Life Inc. Co.*, 142 F.3d 507, 508 (1st Cir. 1998)

■ Nevertheless, a litigant's exercise of his right to self-representation does not exempt him from complying with the relevant rules of procedural and substantive law. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983); *Brewster v. Nassau County*, 349 F.Supp.2d 540, 545–546 (E.D.N.Y. 2004). Although a court must accept the facts alleged in the non-movant's complaint, "conclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Brewster*, 349 F.Supp.2d at 546; *In re Am. Exp. Co. Shareholder Litig.*, 39 F.3d 395, 400 n. 3 (2d Cir.1994). "[C]ourts do 'not accept conclusory allegations on the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened.'" *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 772 (2d Cir.1994) (*quoting Kadar Corp. v. Milbury*, 549 F.2d 230, 233 (1st Cir.1977)). This rule applies even to a prisoner appearing *pro se* and presenting civil rights claims. *See Brewster*, 349 F.Supp.2d at 546; *Nelson v. Michalko*, 35 F.Supp.2d 289, 292–93 (W.D.N.Y.1999).

### B. *Defendants Ramos Rodriguez's and Gonzalez Perez's Motion to Dismiss*

Defendants claim that Martinez Machicote failed to allege "with enough specificity" a conspiracy claim under section 1983.

In addition, they deny that they "acted in concert to commit [the] alleged violations." (Docket No. 13, p. 6)

■ "Section 1983 affords redress against a person who, under color of state law, deprives another person of any federal constitutional or statutory right." *Omni Behavioral Health v. Miller*, 285 F.3d 646, 650–51 (8th Cir.2002); *see also Cruz–Erazo v. Rivera–Montanez*, 212 F.3d 617, 621 (1st Cir.2000).

■ A civil rights conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damages.'" *See, Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir.1988) (*citing Hampton v. Hanrahan*, 600 F.2d 600, 620–21 (7th Cir.1979), *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)). The First Circuit Court of Appeals has ruled that for a conspiracy to be actionable under section 1983, the plaintiff has to prove that "there [has] been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." *Earle*, 850 F.2d at 844; *Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir. 1980). That is, "[i]n order to make out an actionable conspiracy under section 1983, a plaintiff has to prove not only a conspiratorial agreement but also an actual abridgment of some federally-secured right." *Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir.2001). *Abdullah v. Kennet*, 104 Fed. Appx. 750, 752 (1st Cir.2004).

■ An otherwise invalid 1983 claim cannot survive a motion to dismiss merely by mentioning the word "conspiracy." Consequently, "[a] complaint containing only conclusory, vague, or general alle-

gations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983). "[T]o survive a motion to dismiss, the plaintiff must at least plead some particular acts or facts providing a legal basis for his claim". *Brewster,* 349 F.Supp.2d 540, 547 (E.D.N.Y.2004); *Polur v. Raffe,* 912 F.2d 52, 56 (2d Cir.1990).

In this case, the only intelligible federal claim that Martinez–Machicote alleges against defendants Ramos Rodriguez and Gonzalez Perez is that they conspired to violate his rights and that they accused him as a 'Dangerous Sexual Delinquent' with the intention of disqualifying him from the Electronic Supervised Release Program. Even reading the complaint in the most favorable light to the plaintiff, it is clear that Martinez Machicote makes no specific allegations regarding the involvement of both defendants in a supposed conspiracy. For instance, he alleges that the defendants signed the resolution by which the CRA denied him the privilege and that they, "in mutual agreement" "declare[d] [him] as a 'Dangerous Sexual Delinquent' without mediating [sic] a court order". (Docket No. 2, p. 12) Martinez Machicote, however, does not allege any facts indicating an agreement to act in concert to harm him.[3] Consequently, his conspiracy claims must be dismissed.

Furthermore, a classification as a Dangerous Sexual Delinquent does not implicate a violation of a federal constitutional right and thus is not a cognizable claim under section 1983. *See e.g. Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ("A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence.")

Plaintiff also alleges that the defendants violated his due process rights. Specifically, he claims that he never had the opportunity to "contest the agencies [sic] reports" and "was not allowed to present evidence in his favor or question the investigation that was performed against [him]". (Docket No. 2, 4)

Defendants, in turn, contend that plaintiff's due process claims should be also dismissed with prejudice. Specifically, they argue that they never violated plaintiff's due process of law and that they acted "at all times within the established framework of their authority". (Docket No. 13) In addition, they claim that their decision was based solely on the investigation carried out by the Community Program of Arecibo pursuant to the "Reglamento para Establecer el Procedimiento para el Programa de Supervision Electronica" ("REPPSE"). (Docket No. 13)

The Court believes that none of plaintiff's allegations constitutes a violation of his constitutional right to due process. For instance, the exhibits attached to plaintiff's complaint demonstrate that the notice given to Martinez Machicote denying the privilege of the Electronic Supervised Release was adequate; that Martinez Machicote had the opportunity to present an "application for reconsideration"; that his request was considered and denied by the defendants; that the resolution issued by the CRA (and signed by Gonzalez Perez and Ramos Rodriguez) included "findings of facts" and "conclusions of law" that supported defendants' conclusion; that the CRA's decision resulted from an investigation carried out by the

---

**3.** Plaintiff also argues that he is "aware and it was to his knowledge that the Electronic Supervision Program had discriminated against other convicts because of prejudice." (Docket No. 2) Plaintiff, however, lacks standing to pursue the claims of other inmates under section 1983.

Community Program; and that Martinez Machicote was notified of his appeal rights. (Docket No. 2–2, p. 15) In sum, the procedure followed by the defendants was constitutionally adequate under due process standards.[4]

Accordingly, plaintiff's due process claims must be also dismissed.

C. *CRA's Motion to Dismiss*

Defendant CRA also moves to dismiss the complaint arguing that it is shielded by the Eleventh Amendment from being sued in this Court. (Docket No. 20)

[redacted] The Eleventh Amendment bars suits against states in federal court for money damages unless the state has consented to be sued. *See Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority,* 991 F.2d 935, 938 (1st Cir.1993); *In re San Juan Dupont Plaza Hotel Fire Lit.,* 888 F.2d 940, 942 (1st Cir.1989); *Ramirez v. P.R. Fire Serv.,* 715 F.2d 694, 697 (1st Cir.1983). Specifically, it provides that "all states are immune from suits by citizens in federal court, unless the state waives said immunity or Congress overrides it as it may do in limited situations." *Gotay Sanchez v. Pereira,* 343 F.Supp.2d 65, 71 (D.P.R.2004).

[redacted] Regarding the CRA, courts have already held that suits against the Puerto Rico Administration of Corrections are barred by the Eleventh Amendment. *See Padilla Cintron v. Rossello Gonzalez,* 247 F.Supp.2d 48 (D.P.R.2003) and *Jusino Mercado v. Com. of Puerto Rico,* 101 F.Supp.2d 57, 59 (D.P.R.1999). Indeed, "... prison system is an essential arm of the state and therefore also protected" by Eleventh Amendment Immunity. *Id.* (*citing Wilson v. Brown,* 889 F.2d 1195, 1197 (1st Cir.1989))

Accordingly, Plaintiff's claims against the CRA are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss. Consequently, Plaintiff's claims are hereby dismissed **with prejudice.** Judgment shall enter accordingly.

**IT IS SO ORDERED.**

[redacted]

4. In fact, it seems that the denial was authorized by a provision of the REPPSE. For instance, Article VII of the REPPSE excludes anyone convicted for certain felonies, like the ones for which plaintiff is serving his sentence, from being considered for electronic supervised release.