## COMMONWEALTH vs. BRIAN JOSEPH RICHARD.

Worcester. October 3, 1978. — January 9, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Homicide. Practice, Criminal,* Fair trial, Capital case.

At a murder trial, evidence that the victim died as a result of twelve stab wounds in the chest inflicted by the defendant warranted inferences of both malice and deliberate premeditation. [65-66]

Alleged prejudice of prospective jurors ultimately seated at a criminal trial arising out of newspaper publicity was not shown where on careful interrogation by the judge it was established in each instance that the juror had not read the newspapers referred to or was impartial despite having read them. [66]

Evidence at a murder trial of the defendant's attempt to tie the victim's hands and of the multiple stab wounds inflicted supported an inference of malice and a conviction of murder in the second degree [66]; no mitigating circumstances were shown to support a reduction of the verdict under G. L. c. 278, § 33E, to manslaughter [66].

INDICTMENT found and returned in the Superior Court on May 10, 1976.

The case was tried before *Ronan, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*John F. Buckley* for the defendant.

*James P. Donohue,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. The defendant was indicted for murder in the first degree, and was found guilty of murder in the second degree by a jury. In this appeal under G. L. c. 278, §§ 33A-33G, he recites nineteen assignments of error.

The facts are as follows, all as established by a statement given to the police by the defendant on February 22, 1976, and corroborated as well as supplemented, in various particulars, by circumstantial evidence. The defendant had lived with the victim, a young woman, for several years, but they had discontinued this arrangement at some time prior to February 18, 1976, the date of her death. On that date the defendant had unexpectedly encountered the victim in Gardner. She accompanied him for a ride in his automobile. He asked her to renew their relationship, but she was noncommittal. While the automobile was stopped, they fought and struggled and he attempted to tie her hands with a piece of rawhide. She fell out of the vehicle, and the struggle continued at the side of the road. The next thing he remembers is that he had a knife in his hand, and it was covered with blood. He drove to Virginia, but later returned to this Commonwealth and surrendered to police. Meanwhile, the victim's body had been discovered in a wooded area by a passerby. The defendant made a statement to the police after being advised of his constitutional rights. It was shown at the trial that the victim died as a result of twelve stab wounds in her left chest.

In his brief, the defendant purports to argue seventeen assignments of error. However, he has cited no authority or case law which would lend support to his claim of error in connection with the trial of this case. Most recently, this court has stated that this type of presentation falls short of anything that can properly be called argument under S.J.C. Rule 1:13, as amended, 366 Mass. 853 (1975). *Commonwealth* v. *Baptiste*, 372 Mass. 700, 712 (1977). It follows that there is nothing before us except the defendant's request that this court consider exercising its broad powers under G. L. c. 278, § 33E.

Nevertheless, we have reviewed all of the assignments raised, and we find no error. One of these assignments contends that the trial judge was in error in denying the defendant's motion for a directed verdict as to so much of

the indictment as alleged murder in the first degree. Since the jury returned a verdict of murder in the second degree, this ruling, even if erroneous, was harmless. However, the judge's ruling was correct. It is sufficient to state here that the twelve stab wounds in the victim's chest warranted inferences of both malice and deliberate premeditation. *Commonwealth* v. *Reddick*, 372 Mass. 460, 462 (1977).

Three of the assignments charge error in the judge's handling of several contentions relating to alleged prejudice of jurors arising out of newspaper publicity related to the case. There was no error. The judge carefully interrogated the jurors separately as to these issues. In each instance it was either established that the juror had not read the newspaper references, or else there was a sufficient showing of the juror's impartiality, despite such reading, to allow the judge in his discretion to permit the juror to sit. See *Commonwealth* v. *Blackburn*, 354 Mass. 200, 204 (1968); *Commonwealth* v. *Subilosky*, 352 Mass. 153, 159 (1967).

The remaining assignments of error concern various rulings on evidence by the judge. We find no merit in any of these contentions.

We have reviewed the entire record in accordance with our duties under G. L. c. 278, § 33E. We reject the defendant's argument that we should exercise our powers to reduce the verdict to a conviction of manslaughter. The great weight of the evidence, particularly the evidence as to the defendant's attempt to tie the victim's hands and the evidence of multiple stab wounds, supported an inference of malice as inherent in murder in the second degree. See *Commonwealth* v. *Watkins*, 373 Mass. 849, 852-853 (1977); *Commonwealth* v. *Bowman*, 373 Mass. 760, 765-767 (1977). There are no mitigating circumstances shown to support a reduction of the verdict to manslaughter, such as aggression by the victim, sudden combat or extreme provocation. Accordingly, we decline to disturb the jury verdict.

*Judgment affirmed.*