COMMONWEALTH *vs.* ARTHUR M. DUPREE, THIRD.  June 23, 1986. *Practice, Criminal,* Instructions to jury.

The defendant was convicted of possession of marijuana after a first-instance jury trial in the District Court. On appeal, he makes numerous claims of error. We need only discuss one of them because we rule that there was error and that the defendant is entitled to a new trial.

In his instructions on reasonable doubt the trial judge properly used key phrases from the language in *Commonwealth* v. *Webster,* 5 Cush. 295, 320 (1850). In the midst of his otherwise appropriate discussion of reasonable doubt, however, he said the following: "Now you may have noticed that I read that and you may have noticed that the language is a little *silly* [emphasis supplied]. The reason for that is the definition we use in Massachusetts was first formulated in eighteen fifty some odd." Not surprisingly, since he was a nonlawyer appearing pro se, the defendant failed to object at trial to the portion of the charge he now claims was erroneous. The point would be lost on appeal, therefore, unless the error was such as to produce a substantial

risk of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967).

Just as analogizing reasonable doubt to the standard a juror would use in making important decisions in his everyday life trivializes the standard, so also, in our view, did the use of the word "silly" in reference to the reasonable doubt standard "understate[ ] and tend[ ] to trivialize the awesome duty of the jury to determine whether the defendant's guilt was proved beyond a reasonable doubt." *Commonwealth* v. *Ferreira*, 373 Mass. 116, 129 (1977). Contrast *Commonwealth* v. *Stanton*, 17 Mass. App. Ct. 1, 6-7 (1983).

Even considering the flaw in the context of the over-all charge, we think the jury may well have been left with the impression that they did not have to take the *Webster* language seriously. "No part of the usual instructions to juries . . . is of more significance than the discussion of reasonable doubt, *Commonwealth* v. *Ferreira*, 373 Mass. at 128, and serious misdirection about reasonable doubt, therefore, can scarcely avoid creating a substantial risk of miscarriage of justice." *Commonwealth* v. *Sullivan*, 20 Mass. App. Ct. 802, 805 (1985).

Other issues raised on appeal are not likely to recur should the case be retried.

*Judgment reversed.*

*Verdict set aside.*

*Stanley W. Norkunas* for the defendant.
*Mark W. Murphy,* Assistant District Attorney, for the Commonwealth.