COMMONWEALTH vs. BRIAN JOSEPH RICHARD.

Worcester.   May 6, 1986. — September 3, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Practice, Criminal,* Appeal, Assistance of counsel. *Constitutional Law,* Assistance of counsel.

A defendant whose murder conviction had received plenary review by this court under G. L. c. 278, § 33E, was not entitled to postconviction relief under Mass. R. Crim. P. 30 (a) on the ground that his appellate counsel had failed to file an adequate brief, where the defendant made no showing that he had suffered actual prejudice from his counsel's performance. [393-394]

INDICTMENT found and returned in the Superior Court on May 10, 1976.

After review by the Supreme Judicial Court, 377 Mass. 64 (1979), a motion for postconviction relief, filed on April 5, 1985, was considered by *John T. Ronan, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant. ·

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. Following the defendant's conviction of murder in the second degree, we afforded the defendant plenary review under G. L. c. 278, § 33E, as amended through St. 1974, c. 457, and affirmed his conviction. *Commonwealth* v. *Richard,* 377 Mass. 64 (1979). Our opinion noted that the defendant's appellate counsel had filed a brief that was deficient in many aspects. We proceeded, nevertheless, to consider the defendant's assignments of error, addressing each arguably meritorious point and concluding that there was no error. *Id.*

at 65-66. In April, 1985, the defendant filed a motion under Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), claiming ineffective assistance of appellate counsel in violation of both the State and the United States Constitutions and seeking his release.[1] The trial judge denied the motion without a hearing, pointing out that the defendant failed to demonstrate that he was harmed in any respect by appellate counsel's inadequacies. We granted the defendant's request for direct appellate review and now affirm the order denying the defendant's rule 30 (a) motion.

The defendant raises no question concerning the effectiveness of his legal representation at trial. His arguments relate solely to the consequences of his counsel's failure to file an adequate appellate brief. The defendant concedes, moreover, that he has failed to demonstrate how his appellate counsel's conduct has prejudiced his rights. He argues in effect that his original appellate representation was so inadequate that it altogether denied him effective assistance of counsel and, therefore, that prejudice should be "presumed." *Strickland* v. *Washington,* 466 U.S. 668, 692 (1984). See *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977). We grant that the performance of the defendant's previous appellate counsel failed to meet acceptable standards. A showing of that inadequacy alone, however, is not enough to warrant granting relief.

In considering a claim of ineffective assistance of appellate counsel, this court has said that "there ought to be some showing that better work might have accomplished something material for the defense." *Cepulonis* v. *Commonwealth,* 384 Mass. 495, 502 (1981), appeal dismissed, 455 U.S. 931 (1982). See *Pires* v. *Commonwealth,* 373 Mass. 829, 836 & n.4 (1977). Although art. 12 of the Massachusetts Declaration of Rights provides broader protection than do the Sixth and Fourteenth Amendments (*Commonwealth* v. *Hodge,* 386 Mass. 165, 169-170 [1982]), we have relieved defendants of the requirement of

---

[1] The defendant does not ask for a new trial or for a new appeal heard with the assistance of "effective" counsel. He simply seeks release from unconstitutional restraint or imprisonment, arguing that he could never obtain a fair opportunity to challenge his conviction in a State appellate proceeding.

proving actual prejudice resulting from counsel's omissions only in cases involving an actual conflict of interest. See *Commonwealth* v. *Howell,* 394 Mass. 654, 656-657 (1985). This case does not involve a conflict of interest, and the defendant has made no showing of actual prejudice.

The defendant was not denied an appeal on the merits because of his counsel's failures. See *Evitts* v. *Lucey,* 469 U.S. 387 (1985). Nor was the defendant deprived of "complete and effective appellate review" on the "bare election of his appointed counsel." *Entsminger* v. *Iowa,* 386 U.S. 748, 752 (1967). Noting our duty under G. L. c. 278, § 33E, we reviewed the full record and reached a decision on the merits. Regrettable as the quality of his appellate brief was, the defendant was not harmed in any respect apparent on the original record or on the record of his appeal. If an appellate court has decided the appeal on *its* merits, a showing of prejudice is essential to success on a rule 30 motion challenging appellate counsel's performance as ineffective.[2]

The order denying the defendant's motion for relief under rule 30 (a) is affirmed.

*So ordered.*

---

[2] The level of prejudice a defendant must show for purposes of establishing a Sixth Amendment violation in these circumstances may be higher than we would require under art. 12 (see *Watson* v. *United States,* 508 A.2d 75 [D.C. App. 1986]), but, because no prejudice at all has been shown, we need not decide the point.