## TYRONE MCCASTLE, petitioner.

Suffolk.   October 9, 1987. — November 9, 1987.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Postconviction relief, Appeal. *Habeas Corpus. Rules of Criminal Procedure.*

An incarcerated defendant was not entitled to file a petition for habeas corpus with a single justice of this court, claiming that his criminal convictions were invalid, but was restricted to the exclusive remedy of postconviction relief afforded by Mass. R. Crim. P. 30(a). [106-108]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on March 6, 1987.

A motion to dismiss was heard by *Wilkins,* J.

The case was submitted on briefs.

*Tyrone McCastle,* pro se.

*James M. Shannon,* Attorney General, *A. John Pappalardo,* Deputy Attorney General, *& Robert M. Mendillo,* Assistant Attorney General, for Superintendent, Massachusetts Correctional Institution at Cedar Junction.

O'CONNOR, J. The petitioner McCastle is incarcerated at the Massachusetts Correctional Institution at Cedar Junction. In his petition for habeas corpus and accompanying affidavit, filed with a single justice of this court, McCastle asserted that he had been convicted of two counts of assault by means of a dangerous weapon on indictments charging him with armed assault with intent to rob. He claimed that these convictions and his resultant imprisonment were invalid because assault by means of a dangerous weapon is not a lesser included offense of armed assault with intent to rob. His affidavit states that no appeal was taken from his convictions except for an appeal from the sentence to the Appellate Division of the Superior Court.

The single justice dismissed the petition because "the issue sought to be raised should be presented by motions filed in the Superior Court for Suffolk County under Mass. R. Crim. P. 25." McCastle appealed, and we now affirm the order of the single justice. The single justice's mention of Mass. R. Crim. P. 25, as amended, 389 Mass. 1107 (1983), appears to have been inadvertent. Rule 25 deals with motions for required findings and is not pertinent here. It is apparent that the single justice intended to refer to Mass. R. Crim. P. 30, 378 Mass. 900 (1979). The petitioner's rights are in no way prejudiced by our making that assumption.

Rule 30 (a), which is relevant to this case, provides: "Whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts." McCastle filed his petition in this court. If he is limited to his rule 30 remedy, as we hold he is, his remedy lies not with a single justice of this court but with the trial judge. Mass. R. Crim. P. 30 (a) so specifies.

It is immaterial whether, prior to July 1, 1979, the date on which the Massachusetts Rules of Criminal Procedure became effective, McCastle could have proceeded by a petition for a writ of habeas corpus. "Rule 30 was adopted in 1979 as the exclusive vehicle for postconviction relief." *Leaster* v. *Commonwealth,* 385 Mass. 547, 549 (1982). At the time of the 1979 adoption of the Rules of Criminal Procedure, G. L. c. 248, § 1, which deals with the issuance of writs of habeas corpus "as of right," already excluded convicted persons; the present text is identical to that of R.L. c. 191, § 1 (1902), and bars one who "has been convicted or is in execution upon legal process, civil or criminal" from obtaining the writ as of right. Furthermore, the Legislature amended G. L. c. 248, § 25, by deleting that section's earlier provision for the discretionary issuance of writs of habeas corpus to "a person who is imprisoned or restrained of his liberty pursuant to a criminal convic-

tion." See St. 1979, c. 344, § 12, effective July 1, 1979. "Rule 30 consolidates two formerly separate remedies, writ of error and habeas corpus, with the motion for a new trial." *Commonwealth* v. *Lupo,* 394 Mass. 644, 647 (1985). There is no question then that McCastle has a rule 30 remedy available to him to which he is restricted unless such restriction is unconstitutional. We are satisfied that there is no constitutional impediment to restricting McCastle to rule 30 relief.

McCastle cites *Hennessy* v. *Superintendent, Mass. Correctional Inst., Framingham,* 386 Mass. 848, 852 n.3 (1982), where this court said in dictum that "[t]o the extent that St. 1979, c. 344, § 12, purports to eliminate completely a court's power 'to issue a writ of habeas corpus . . . for . . . a person who is imprisoned or restrained of his liberty pursuant to a criminal conviction,' it may run afoul of [the habeas corpus provision of the State] Constitution." That provision, Part II, c. 6, art. 7, states in part: "The privilege and benefit of the writ of habeas corpus shall be enjoyed in this commonwealth in the most free, easy, cheap, expeditious and ample manner . . . ." In support of his contention that the Massachusetts Constitution entitles him to proceed by a petition for habeas corpus, McCastle argues that (1) under rule 30, the trial judge could deny his motion, thus forcing him to appeal, and (2) rule 30 does not "require a speedy disposition."

We reject McCastle's arguments. While it is true that the trial judge could deny his motion, thus forcing him to appeal, the same possibility exists with a single justice. Moreover, the Legislature could fairly conclude that it is in the best interests of a defendant, as well as of the Commonwealth, that the rule 30 motion is heard at the trial court level. The common practice of the States is to place this function in trial courts. ABA Standards Relating to Post-Conviction Remedies § 1.4 commentary (1978). (See also ABA Standard § 1.4[a] recommending this course.) The rule assigns the motion to the trial judge who heard the case, on the theory that his familiarity with the case can assist in its effective handling. See Reporters' Notes to Mass. R. Crim. P. 30, Mass. Ann. Laws, Rules of Criminal Procedure at 482 (1979). As the reporter has noted elsewhere,

Mass. R. Crim. P. 29 and 30 maintain the full scope of relief previously available, and at the same time "relief should be less complex to obtain, more fairly obtainable, and certainly more expeditiously obtained." Bellefontaine, Post-Conviction Remedies Under the Rules of Criminal Procedure, 66 Mass. L. Rev. 173, 177, 185 (1981). We conclude that McCastle's rule 30 remedy is no less adequate or effective than the traditional discretionary issuance of a writ of habeas corpus. See *Swain* v. *Pressley,* 430 U.S. 372, 381 (1977). Accordingly, we affirm the order of the single justice.

*So ordered.*