COMMONWEALTH *vs.* JOHN C. STELLBERGER.

No. 87-834.

Middlesex.   November 10, 1987. — December 9, 1987.

Present: GRANT, ARMSTRONG, & DREBEN, JJ.

*Practice, Criminal,* Instructions to jury.

In the circumstances of a criminal trial, the judge's failure to instruct the jury on the meaning of proof beyond a reasonable doubt created a substantial risk of a miscarriage of justice, necessitating reversal of the defendant's conviction. [149-150]

COMPLAINT received and sworn to in the Woburn Division of the District Court Department on July 9, 1986.

On appeal to the jury session of the Lowell Division the case was tried before *Edward M. Viola,* J.

*Sumner H. Smith* for the defendant.

*Marie L. Blasko,* Assistant District Attorney, for the Commonwealth.

GRANT, J. The appeal is from the defendant's conviction by a jury of six on a complaint charging him with threatening to kill some Woburn police officers. G. L. c. 275, §§ 2, 4.[1] We could very well dismiss the appeal for lack of prosecution because none of the thirteen "issues" enumerated at the outset of the defendant's brief has been argued within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958); *Commonwealth* v. *Grace,* 370 Mass. 746, 758 (1976); *Commonwealth* v. *Samuel,* 398 Mass. 93, 95 (1986); *Commonwealth* v.

---

[1] The defendant was acquitted on a companion charge of being a disorderly person. G. L. c. 272, § 53.

*Kamishlian,* 21 Mass. App. Ct. 931, 934 n.3 (1985).[2] We would be tempted to do so were it not for one point concerning the instructions to the jury which commands our attention and requires a new trial.

The judge gave acceptable instructions on the presumption of innocence and on the Commonwealth's burden of proving beyond a reasonable doubt each essential element of each of the offences charged. He gave no instruction whatsoever on the meaning of proof beyond a reasonable doubt.[3] We think it too clear for argument that the omission constituted error. "The judge's iteration that the burden of proving beyond a reasonable doubt each element of the crime charged lay on the Commonwealth did nothing to convey the weight of that burden. That the judge stressed the presumption of the defendant's innocence did not inform the jury of the standard required to overcome that presumption." *Commonwealth* v. *Kelleher,* 395 Mass. 821, 826 (1985). Of like import are *Commonwealth* v. *Wood,* 380 Mass. 545, 548 (1980), and *Commonwealth* v. *Rembiszewski,* 391 Mass. 123, 133 (1984) ("The jury's knowledge of which party had the burden [of proof] did not inform them with respect to the extent of that burden").

It is true, as the Commonwealth points out, that the defendant failed to object to the omission. Such a failure is hardly decisive in this area (see *Commonwealth* v. *Grace,* 381 Mass. 753, 756-758 [1980]) because, as we have said on more than one occasion, "serious misdirection about reasonable doubt . . . can scarcely avoid creating a substantial risk of miscarriage of justice." *Commonwealth* v. *Sullivan,* 20 Mass. App. Ct. 802, 805 (1985). *Commonwealth* v. *Dupree,* 22 Mass. App. Ct. 945, 946 (1986). In the present case, the evidence as to whether

---

[2] The brief is reminiscent of the one criticized in *Commonwealth* v. *Richard,* 377 Mass. 64, 65 (1979), *S. C.,* 398 Mass. 392, cert. denied, 479 U.S. 1010 (1986).

[3] We are satisfied that the omission was the result of oversight, perhaps because the defendant had not requested an instruction on the point. The judge made clear during a bench conference that he is conversant with the *Webster* charge (*Commonwealth* v. *Webster,* 5 Cush. 295, 320 [1850]) on the meaning of proof beyond a reasonable doubt.

the defendant had threatened to kill the officers was sharply conflicting. The police testified to such threats and that they had been larded with vulgarity; the defendant denied any threats and testified to remarks which were in no sense minatory and which could be repeated in polite company. The evidence of guilt was not overwhelming (compare *Commonwealth* v. *Ferreira,* 373 Mass. 116, 128 [1977], *S. C.,* 381 Mass. 306 [1980]; *Commonwealth* v. *Wood,* 380 Mass. at 547, 549-550; *Commonwealth* v. *Rembiszewski,* 391 Mass. at 134-135; *Commonwealth* v. *Kelleher,* 395 Mass. at 827-828), and we find ourselves unable to conclude that the error was harmless beyond a reasonable doubt.

We recognize that the United States Court of Appeals for the First Circuit has recently held that there is no violation of Federal due process if a judge who has instructed properly on the presumption of innocence and the burden of proof beyond a reasonable doubt refuses, in the exercise of his discretion, to give an instruction on the meaning of reasonable doubt. *United States* v. *Olmstead,* 832 F.2d 642, 644-646 (1st Cir. 1987). However, the necessity for a proper instruction on the meaning of reasonable doubt is a matter of State law, which, in this area, requires more than the First Circuit does. *Commonwealth* v. *Grace,* 381 Mass. at 761.

*Judgment reversed.*

*Verdict set aside.*