THOMAS BATES *vs.* COMMONWEALTH. July 17, 2001. *Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Assistance of counsel, Postconviction relief. *Habeas Corpus. Supreme Judicial Court,* Superintendence of inferior courts.

Thomas Bates was convicted in 1991 on numerous indictments charging rape of a child, indecent assault and battery on a child under fourteen years of age, indecent assault and battery on a person fourteen years of age or older, soliciting a child to pose in a state of sexual conduct, and soliciting a child to pose in a state of nudity. The Appeals Court affirmed all but three of his convictions and also affirmed the denial of his motion for a new trial. *Com-*

---

*monwealth* v. *Bates*, 37 Mass. App. Ct. 1114 (1994). In 1999, he filed a petition in the county court pursuant to G. L. c. 211, § 3, raising numerous legal challenges to his convictions. A single justice denied the petition, and Bates appeals. We affirm.

Most, if not all, of the claims made by Bates in his petition were or could have been raised in his direct appeal. Bates now contends that his appellate counsel was constitutionally ineffective because he failed to present these claims adequately and failed to raise some of them altogether. A claim of ineffective assistance of appellate counsel may be made in a motion pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979). See *Commonwealth* v. *Richard*, 398 Mass. 392, cert. denied, 479 U.S. 1010 (1986). See also *Commonwealth* v. *Cowie*, 404 Mass. 119 (1989). The single justice was correct to deny relief pursuant to G. L. c. 211, § 3, in view of this adequate alternative remedy. *Hines* v. *Commonwealth*, 423 Mass. 1004, cert. denied, 519 U.S. 984 (1996), and cases cited.[1]

Bates alleges in a cursory fashion that a rule 30 motion would not be an adequate alternative because, in 1995, acting pro se, he filed in the Superior Court a petition for a writ of habeas corpus pursuant to G. L. c. 248, which raised essentially the same underlying legal claims. That petition was dismissed, and, he alleges, his attempt to appeal from the dismissal has been thwarted by the Superior Court clerk's failure to assemble the record. He claims that requiring him to seek relief through a rule 30 motion in these circumstances would effectively send him into a "procedural maze,"[2] and he is concerned that the Commonwealth might argue that the dismissal of his habeas petition precludes him from now raising the same issues in a rule 30 motion. His concern, however, is unfounded.

A petition for a writ of habeas corpus was an incorrect vehicle to raise the types of claims Bates is raising. Bates is incarcerated pursuant to his criminal convictions, and his claims relate to the indictment, trial, conviction, and sentencing stages of the case. The statute, G. L. c. 248, does not apply in these circumstances. See G. L. c. 248, §§ 1, 25. A motion pursuant to rule 30 is the correct vehicle. *McCastle, petitioner*, 401 Mass. 105 (1987). See *Averett, petitioner,* 404 Mass. 28 (1989). Presumably it was on that ground that the judge dismissed Bates's habeas petition.[3] The fact that Bates employed an improper means to seek review of his claims would not by itself prevent him from now employing the proper means.

Citing *Schlup* v. *Delo*, 513 U.S. 298 (1995), Bates further contends that he is entitled to bypass existing alternative remedies, because he is "actually in-

---

[1]With respect to any new claims Bates may have, i.e., claims that could not have been raised at trial or in his direct appeal, a motion pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979), and not a petition pursuant to G. L. c. 211, § 3, is of course the proper vehicle for seeking relief.

[2]Bates's claim that he faces a "procedural maze" is unwarranted. As explained below, he simply pursued an incorrect remedy. The fact that he was acting pro se did not justify noncompliance with the relevant rules of procedure and substantive law. *Mains* v. *Commonwealth*, 433 Mass. 30, 35 (2000). *Brossard* v. *West Roxbury Div. of the Dist. Court Dep't*, 417 Mass. 183, 184 (1994). *Commonwealth* v. *Barnes*, 399 Mass. 385, 392 (1987).

[3]Bates has not provided us with a copy of either the motion to dismiss the habeas proceeding or the judge's memorandum of decision.

nocent" of the crimes of which he was convicted. His reliance on the *Schlup* case is misplaced. There, the Supreme Court discussed the standard of review applicable when a Federal habeas corpus petitioner, on a second or subsequent petition, asserts a claim of actual innocence in an effort to avoid a procedural bar to consideration of the merits of his constitutional claims. The Court held that a petitioner can avoid the procedural bar that ordinarily befalls successive or abusive petitions by demonstrating that "it is more likely than not that no reasonable juror would have convicted him in the light of" new and reliable evidence of actual innocence.[4] *Id.* at 327.

The Supreme Court's holding in *Schlup* v. *Delo, supra*, does not permit a petitioner to disregard a State's established postconviction procedures — or render the State powerless to insist on compliance with its procedures — whenever a claim of actual innocence is made. Furthermore, unlike the petitioner in *Schlup*, Bates is not being foreclosed from relief. He is merely being directed to seek relief through the appropriate procedural vehicle. We note in addition that Bates's brief, self-serving affidavit in which he asserts his "actual innocence" is far from the type of substantial showing of actual innocence that the *Schlup* Court considered.

For these reasons, the single justice did not err or abuse his discretion in denying Bates's petition.

*Judgment affirmed.*

*Harold N. Robertson* for the defendant.

*Anne S. Kennedy*, Assistant District Attorney, for the Commonwealth.

---

[4]A successful demonstration by a petitioner in this regard would not by itself entitle him to habeas corpus relief; it would merely lift the procedural bar that would otherwise preclude consideration of his underlying constitutional claims. The petitioner's "claim of [actual] innocence is thus 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.' " *Schlup* v. *Delo*, 513 U.S. 298, 315 (1995), quoting *Herrera* v. *Collins*, 506 U.S. 390, 404 (1993).

