**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2390

THOMAS BATES,

Petitioner, Appellant,

v.

MICHAEL GRANT,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker,* Senior U.S. District Judge]

Before

Boudin, Chief Judge,

Cyr, Senior Circuit Judge,

and Howard, Circuit Judge.

Harold Robertson with whom Harmon & Robertson, P.C. was on brief for petitioner.
Natalie S. Monroe, Assistant Attorney General, with whom Thomas F. Reilly, Attorney General, was on brief, for respondent.

May 4, 2004

---

*Of the Southern District of New York, sitting by designation.

**Per Curiam.** Thomas Bates appeals from the district court's order dismissing his petition for a writ of habeas corpus, 28 U.S.C. § 2244. We affirm.

## I. Factual and Procedural History

In 1991, Bates was convicted by a Worcester Superior Court jury on multiple charges of indecent assault and battery on a child under the age of fourteen, indecent assault and battery on a child over the age of fourteen, soliciting a child to pose in a state of sexual conduct and soliciting a child to pose in a state of nudity. Bates's victims were his five adopted children.

Following an unsuccessful motion for new trial, Bates appealed his conviction. The Massachusetts Appeals Court affirmed all but three of the charges against him, Commonwealth v. Bates, 37 Mass. App. Ct. 1114 (1994), and the Massachusetts Supreme Judicial Court (the "SJC") denied Bates's application for further appellate review. Commonwealth v. Bates, 419 Mass. 1103 (1995).

Bates then filed a pro se petition for a writ of habeas corpus in the civil session of Worcester Superior Court. The court dismissed Bates's petition, noting that under Massachusetts law, habeas corpus relief is only available when the "petition . . . is based on grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage." Bates v. Marshall, CA No. 95-1143-C, slip op. at 3 (Mass. Super. Ct. Nov. 16, 1995) (quoting In re Averett, 404 Mass. 28, 30 (1989)). Because the court concluded

-2-

that all of Bates's claims related directly to the indictment and trial process, Bates was limited to relief available under Mass. R. Crim. P. 30.[1]  Bates moved for reconsideration, the court affirmed, and Bates appealed.

Nearly three years passed, during which it appears that the record of Bates's appeal was not assembled.  Tired of waiting for a decision from the Massachusetts Appeals Court, Bates sought extraordinary relief from the Single Justice Session of the SJC pursuant to Mass. Gen. Laws ch. 211, § 3.  He asked the court, inter alia, to nullify his conviction and sentence.  A Single Justice denied Bates's petition, stating that extraordinary relief "is not available where the petitioner has or had adequate and effective avenues other than [Mass. Gen. Laws ch. 211, § 3], by which to seek and obtain the requested relief."  Bates v. Commonwealth, No. SJ-99-0279, Mem. & Order at 1 (Dec. 29, 1999) (quoting Hicks v. Comm'r of Corr., 425 Mass. 1014, 1014-15 (1997)).

Bates subsequently appealed to the full bench of the SJC, which affirmed.  Bates v. Commonwealth, 434 Mass. 1019, 1021 (2001).  The SJC agreed that Chapter 211 relief should not be granted because Bates could have sought relief through a Rule 30 motion.  Id. at 1020.  It rejected Bates's argument that requiring

---

[1]In addition to providing a procedure for seeking a new trial, Mass. R. Crim. P. 30 allows a prisoner to seek relief from unlawful restraint by filing a motion with the trial judge requesting release from custody or correction of his sentence. Mass. R. Crim. P. 30(a).

him to seek Rule 30 relief "would effectively send him into a 'procedural maze,'" and deemed unfounded Bates's concern that the Commonwealth might argue that dismissal of his habeas petition precludes his bringing a Rule 30 motion on the same issues. Id. ("The fact that Bates employed an improper means to seek review of his claims would not by itself prevent him from now employing the proper means."). The SJC directed Bates "to seek relief through the appropriate vehicle." Id. at 1021.

Rather than seek relief through Rule 30 as instructed by the SJC, Bates brought his claims to federal court. In August 2001, Bates filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Michael Grant, the respondent, moved to dismiss on the grounds that the petition was time-barred and that Bates had failed to exhaust his state court remedies. On August 22, 2002, the district court denied the motion, finding the petition timely, but concluded that it was a "mixed petition" containing both exhausted and unexhausted claims.[2] It dismissed the unexhausted claims and stayed the petition to allow Bates an opportunity to file within six weeks an amended petition containing only exhausted claims. Instead of filing a new petition, Bates moved for reconsideration. In June 2003 the district court denied

_____

[2]The court found that only Bates's claim of ineffective assistance of trial counsel, which had been presented in his application for leave to obtain further appellate review, was exhausted for the purposes of federal habeas proceedings.

-4-

the motion.  Bates then moved for recusal of Judge Morris Lasker, the presiding district court judge, in August 2003.  The district court denied the recusal motion as moot and dismissed Bates's habeas petition on the ground that he had failed to file an amended petition as instructed in the court's August 2002 decision.  This appeal followed.

## II.    Analysis

A.        **Dismissal of the Petition**

The gravamen of Bates's appeal is his contention that the district court erred in concluding that most of his habeas claims were unexhausted.  He asserts that his numerous post-conviction pleadings in the courts of Massachusetts satisfied the exhaustion requirement.[3]  He faults the district court for failing to consider the substance of the pleadings, and for focusing instead on how the pleadings were labeled.

Despite the twists and turns in the procedural history of this case, we think the central issue is straightforward.  In Massachusetts, one must use Rule 30 to seek post-conviction relief

---

[3]Bates also contends that the state court system failed to compile the record of his case during his appeal in the state habeas corpus proceeding, causing an unjustifiable delay that excused his failure to exhaust state remedies.  Bates Br. at 14 (citing Hall v. DiPaolo, 986 F.2d 7 (1st Cir. 1993) (per curiam)).  Even if, on the basis of Bates's bare allegations, we were to conclude that the state court system caused a delay in review, this would not affect our analysis. As Bates's counsel conceded at oral argument, the delay was caused in part by Bates's failure to use the proper procedural vehicle to seek relief.  We do not conclude that the delay was unjustifiable on these facts.

pertaining to errors in an indictment, a trial, or other issues typically raised in a habeas corpus petition in other jurisdictions.[4] We do not doubt that this could cause procedural confusion for a petitioner, particularly one who seeks relief pro se. We note, however, that on at least two occasions a Massachusetts court informed Bates that the relief he sought could only be obtained through a Rule 30 motion. Bates never filed such a motion. Instead, Bates turned to federal habeas proceedings for relief. On these facts, there can be no question that the district court properly dismissed the claims that the SJC had already determined to be defective. It is not for us to recast Bates's post-conviction pleadings in a manner that satisfies state exhaustion requirements when the highest court in Massachusetts declined to do so.

Bates fails to argue that the district court abused its discretion in dismissing his petition because he failed to file an amended petition. Relying instead on a claim of actual innocence and a purported "showing that he is entitled to habeas corpus relief," Bates urges us to find that the dismissal of the petition was the culmination of a series of erroneous actions by the

---

[4]With the passage of the Massachusetts Rules of Criminal Procedure in 1979, Rule 30 became the "exclusive vehicle for postconviction relief." In re McCastle, 401 Mass. 105, 106 (1987). The Commonwealth's habeas corpus statute was amended to reflect this change, and the remedies of writ of error and writ of habeas corpus, once separate procedural mechanisms, were consolidated in Rule 30 with the motion for new trial. See id. at 106-07.

district court and was therefore incorrect.  We find no merit in these arguments.  Nor do we discern any other error in the district court's dismissal of the petition.[5]

**B.**        **Bates's Other Claims**

Bates presents three other challenges to the district court's judgment.  We discuss each in turn.

First, Bates contends that the district court abused its discretion in allowing the respondent to file a belated motion to dismiss.  The respondent, represented by the Office of the Attorney General of Massachusetts, filed his motion on April 11, 2002, more than a month after the deadline set by the district court.  In the interim, the court had granted Bates's motion to bar any motion to dismiss filed after March 16, 2002.  The respondent moved for acceptance of the late filing, stating in an affidavit of counsel that counsel's voluminous case load prevented a timely filing in this case.  The district court acknowledged that Bates had made a strong argument that the delay was not a product of "excusable neglect" under Fed. R. Civ. P. 6(b), but concluded that a failure to deal with the merits of the respondent's defense would be irresponsible.  The court warned the respondent's counsel that future delays would be subject to sanctions.

---

[5]Because we conclude that the petition was properly dismissed on the grounds stated by the district court, we do not reach the respondent's argument that the petition was also time-barred.

-7-

Bates alleges that accepting the late filing was erroneous because the respondent made no showing of "unique or unusual circumstances" justifying the delay. But the excusable neglect standard is not so unforgiving after Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). There, the Supreme Court found that courts may accept late filings "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer, 507 U.S. at 388; see also Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001) (acknowledging Pioneer's shift to a standard of excusable neglect that "encompasses not just unavoidable omissions, but also negligent ones"). Equitable considerations should inform whether a lapse constitutes excusable neglect. Among the factors a court should consider are "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Graphic Communications, 270 F.3d at 5 (quoting Pioneer, 507 U.S. at 395). Although critical of the respondent's reasons for delay, Bates has not argued that any of the other equitable factors tip the scales in his direction. We therefore find no basis for concluding that the district court abused its discretion in allowing the late motion. Cf. id. at 6-7

(noting, in case where trial court found delay not to have been caused by excusable neglect, "we will not meddle unless we are persuaded that some exceptional justification exists").

Second, Bates contends that the presiding judge erred in declining to recuse himself. In his motion for recusal Bates cited 28 U.S.C. § 455(a), a provision that requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The district court's denial of his motion will be sustained unless we find that it "cannot be defended as a rational conclusion supported by [a] reasonable reading of the record." United States v. Snyder, 235 F.3d 42, 46 (1st Cir. 2001) (quoting In re United States, 158 F.3d 26, 30 (1st Cir. 1998)).

Bates's motion and supporting affidavit fall far short of the mark. Bates alleges that Judge Lasker had been negatively influenced by the underlying allegations against Bates and that this prejudice resulted in "extended confinement of an innocent person." But Bates's affidavit relies on "unsupported accusations" and "unfounded surmise," United States, 158 F.3d at 30, and is therefore patently insufficient. None of the allegations in the affidavit provides a reasonable basis for doubting Judge Lasker's impartiality.[6] See In re United States, 666 F.2d 690, 695 (1st

---

[6]Bates's examples of Judge Lasker's purported prejudice included the court's failure to identify "any set of facts or circumstances to support the allegations" against Bates; its focus on Bates's procedural defaults despite "authority that procedural bars are to be ignored upon a claim of actual and legal innocence"; and its allowance of the respondent's late motion to dismiss.

Cir. 1991)("Were less required, . . . a litigant could avoid adverse decisions by alleging the slightest of factual bases for bias.").

Finally, Bates alleges a catchall "global failure" of the district court to "accomplish the purposes of habeas corpus" in ruling on his petition. But the only potential argument advanced in this section of Bates's brief is the unelaborated assertion that the district court erred in deciding the petition "in favor of procedural considerations" because Bates had asserted his actual and legal innocence. Giving Bates the benefit of a generous reading of his brief, we conclude that he construes <u>Schlup</u> v. <u>Delo</u>, 513 U.S. 295 (1995), to stand for the proposition that all procedural defaults are to be ignored in the event one claims actual innocence. This is too expansive a reading of <u>Schlup</u>, which applied only to a "narrow class of cases." <u>See</u> 513 U.S. at 314-25. And we cannot tell whether Bates's actual innocence claim falls within this class of cases because Bates has failed to brief it.

**<u>Affirmed.</u>**