The defendant, Martin L. Cohen, appeals from the denial of his motion to vacate a default judgment of the Land Court. We agree with the motion judge that Cohen did not meet his burden, and affirm.
On October 10, 2013, the town of Leyden filed a tax lien foreclosure action in the Land Court, seeking to take land owned by Cohen due to his failure to pay property taxes to the town. Although Cohen filed a written answer on March 17, 2014, he failed to appear at a hearing on the town's motion for entry of legal finding, after which he was defaulted. Pursuant to the town's motion, the court entered a default judgment against Cohen on September 29, 2014. More than ten months later, on August 13, 2015, Cohen moved to vacate the judgment based on excusable neglect, Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), and fraud, Mass.R.Civ.P. 60(b)(3). The judge denied the motion after a hearing.
We review the denial of a rule 60(b) motion to vacate a default judgment for an abuse of discretion. See Hermanson v. Szafarowicz, 457 Mass. 39, 48 (2010). To obtain relief under rule 60(b), "a party must show both a good reason to remove the default and also the existence of meritorious claims or defenses." Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 806 (2002).
Under rule 60(b)(1), a party must show mistake, inadvertence, surprise, or excusable neglect. See Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979). Cohen argues that his failure to attend the hearing where the default entered was excusable because he was a pro se defendant who was unfamiliar with the legal system. He claimed that he suffered from certain health maladies including "attention deficit disorder, migraine headaches, and depression." Cohen also stated, however, that "[he] did not see a need to pick up the mail." For a mistake or neglect to be excusable it cannot have been the result of the party's own carelessness. Murphy v. Administrator of Div. of Personnel Admin., 377 Mass. 217, 228 (1979). It was within the judge's discretion to determine that Cohen's failure to check his mail so he would receive notice of the hearing and know when to appear in court was not excusable but careless. The fact that Cohen was pro se did not excuse him from complying "with the relevant rules of procedure and substantive law." Bates v. Commonwealth, 434 Mass. 1019, 1020 n.2 (2001).
Under rule 60(b)(3), "[r]elief may be granted ... if there has been fraud." Owens v. Mukendi, 448 Mass. 66, 73 (2006). Cohen argues that the town perpetrated a fraud upon the court by representing to the court that its tax records were accurate when it knew they may not be. More specifically, Cohen contended that the town did not give him credit for payments he had made. In response, the town explained that Cohen had three properties and that payments Cohen claimed were not credited were actually credited with respect to the other parcels of land. Thus, Cohen's argument does not amount to a fraud on the court; rather, it simply reflects conflicting evidence. Cf. Wojcicki v. Caragher, 447 Mass. 200, 209-210 (2006) (false testimony alone does not establish fraud on the court).
There was no abuse of discretion in the denial of the motion to vacate the default judgment.[2]
Order denying motion to vacate default judgment affirmed.

Because Cohen failed to show good cause to remove the default, we need not address the question whether he established a meritorious defense.