# United States Court of Appeals
## For the First Circuit

_____

No. 99-1601

THE LARES GROUP, II; SHARON LARAMEE;
JOHN G. LARAMEE, INDIVIDUALLY AND AS GENERAL PARTNER,

Plaintiffs, Appellants,

v.

BENTLEY TOBIN, INDIVIDUALLY AND AS TRUSTEE OF
PINE STREET REALTY TRUST UNDER A DECLARATION OF
TRUST DATED JANUARY 8, 1988 AND AS THE GENERAL
PARTNER OF PINE STREET LIMITED PARTNERSHIP AND
INDIVIDUALLY; MATTHEW T. MARCELLO, III,
INDIVIDUALLY AND AS TRUSTEE OF PINE STREET REALTY
TRUST UNDER A DECLARATION OF TRUST DATED
JANUARY 8, 1988 AND AS THE GENERAL PARTNER OF
PINE STREET TRUST LIMITED PARTNERSHIP AND
INDIVIDUALLY; MICHAEL B. NULMAN, INDIVIDUALLY
AND AS TRUSTEE OF PINE STREET REALTY TRUST
UNDER A DECLARATION OF TRUST DATED JANUARY 8, 1988
AND AS THE GENERAL PARTNER OF PINE STREET TRUST
LIMITED PARTNERSHIP AND INDIVIDUALLY;
HINCKLEY, ALLEN & SNYDER, RHODE ISLAND LAW
PARTNERSHIP KNOWN AS HINCKLEY, ALLEN & SNYDER,
INDIVIDUALLY AND AS TRUSTEE OF PINE STREET REALTY
TRUST UNDER A DECLARATION OF TRUST DATED
JANUARY 8, 1988 AND AS THE GENERAL PARTNER OF PINE
STREET TRUST LIMITED PARTNERSHIP AND INDIVIDUALLY;
JOSEPH MOLLICONE, JR., INDIVIDUALLY AND AS TRUSTEE
OF PINE STREET REALTY TRUST UNDER A DECLARATION OF
TRUST DATED JANUARY 8, 1988 AND AS THE GENERAL
PARTNER OF PINE STREET TRUST LIMITED PARTNERSHIP
AND INDIVIDUALLY; JOSEPH DIBATTISTA, INDIVIDUALLY
AND AS TRUSTEE OF PINE STREET REALTY TRUST UNDER A
DECLARATION OF TRUST DATED JANUARY 8, 1988 AND AS
THE GENERAL PARTNER OF PINE STREET TRUST LIMITED
PARTNERSHIP AND INDIVIDUALLY; RODNEY M. BRUSINI;
EDWARD D. DIPRETE; HENRY W. FAZZANO;
ROBERT I. WEISBERG; EDWARD F. RICCI;
JOHN S. RENZA, SR.; JOHN J. KANE;

Defendants, Appellees,

_____

HERBERT L. MILLER,

Defendant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

_____

Before

Torruella, Chief Judge,

Boudin and Stahl, Circuit Judges.

_____

Mark G. Hamilton, House of Representatives, Office of Legislative
Counsel, with whom Evans J. Carter, and Hargraves, Karb, Wilcox &
Galvani, L.L.P. were on brief, for appellants.
Robert Corrente, with whom Charles D. Blackman, and Hinckley,
Allen & Snyder LLP were on brief, for appellees Bentley Tobin, Matthew
T. Marcello, III, Michael B. Nulman and Hinckley, Allen & Snyder LLP.
Karen A. Pelczarski, with whom Joseph V. Cavanagh, Jr., Blish &
Cavanagh, Herbert F. DeSimone, Jr. and DeSimone & Leach were on brief,
for appellees Joseph Dibattista and Matthew T. Marcello, III,
individually, as trustees of Pine Street Realty Trust, and as general
partners of Pine Street Trust Limited Partnership, and Edward F. Ricci.
Peter J. McGinn and Tillinghast Licht & Semonoff Ltd. on brief for
appellee Edward D. DiPrete.
John F. Dolan and Rice Dolan & Kershaw on brief for appellee John
S. Renza, Sr.

_____

August 9, 2000

_____

-3-

**TORRUELLA, Chief Judge.** This appeal arises from a civil suit filed by plaintiffs-appellants – The Lares Group II, John G. Laramee, and Sharon Laramee – against numerous defendants-appellees[1] for an alleged violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). The district court determined that appellants' RICO claim was barred by the applicable four-year statute of limitations, see Lares Group II v. Tobin, 47 F. Supp. 2d 223, 229-31 (D.R.I. 1999) (citing Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987), and Rodríguez v. Banco Central, 917 F.2d 664, 665 (1st Cir. 1990)), and declined to exercise supplemental jurisdiction over appellants' remaining state law claims, see id. at 235-36. For the reasons stated below, **we affirm.**

## BACKGROUND

The facts in this case were thoroughly addressed by the district court. See id. at 225-28. For purposes of this appeal, we need only briefly summarize that lengthy discussion.

### A. Factual Background

In 1988, appellants attempted to lease an office building owned by them to the Rhode Island Department of Employment and

---

[1] Defendants-appellees are Bentley Tobin, Matthew T. Marcello, III, Michael B. Nulman, a Rhode Island law partnership known as Hinckley, Allen & Snyder, Joseph Mollicone, Jr., Joseph DiBattista, all individually and as trustees of Pine Street Realty Trust under a Declaration of Trust dated January 8, 1988, and as the General Partners of Pine Street Trust Limited Partnership; and Rodney M. Brusini, Edward D. Diprete, Henry W. Fazzano, Edward F. Ricci, and John S. Renza, Sr.

Training.  The State, however, eventually elected to lease another building, which was owned by several of the named defendants. Appellants regarded the circumstances surrounding the selection process as dubious and publicly demanded an official investigation.  In addition to writing letters to several newspapers calling into doubt the propriety of the lease, appellants contacted numerous public officials including representatives of the Governor's Office, the Rhode Island Department of the Attorney General, the United States Attorney for the District of Rhode Island, and Rhode Island's congressional delegation.  These pleas for investigation began in late 1988 and continued into 1989.  Six years later, on August 30, 1995, appellants initiated this law suit following public revelations of official corruption reaching into the highest levels of the Rhode Island state government.

## B.  **Procedural Background**

Appellants seek civil damages resulting from the failed attempt to secure the state lease.  The amended complaint names rival building owners, officials of the State, as well as attorneys and bankers involved in the lease, as defendants in the suit.  The sole federal claim is for an alleged violation of RICO, see 18 U.S.C. §§ 1961-1968, and is premised upon the allegation that appellants were denied state business because the defendants were participants in a complex scheme of rigging the building selection process through

-5-

bribery and extortion. In addition to appellants' RICO claim, the amended complaint also contains numerous state law causes of action.

After conducting substantial discovery, appellees moved the district court for summary judgment. On April 19, 1999, the court granted appellees' motions, holding, in relevant part, that (1) the statute of limitations had expired on appellants' RICO claim; and (2) supplemental jurisdiction over appellants' state law claims would be denied, following dismissal of all federal claims. See generally Lares Group II, 47 F. Supp. 2d 223. This appeal followed.

## DISCUSSION

On February 23, 2000, the United States Supreme Court issued an opinion in Rotella v. Wood, 120 S. Ct. 1075 (2000). The dispositive question here is identical to that addressed in Rotella, namely, whether the four-year statute of limitations applicable to civil RICO claims is governed by (1) the "injury discovery" accrual rule, which states that the statutory clock begins to run when a plaintiff knew, or should have known, of his injury; or (2) the "injury and pattern discovery" rule favored by appellants, under which a civil RICO claim accrues only when the claimant discovers, or should have discovered, both an injury and a pattern of RICO activity. See id. at 1079-80. Resolving a circuit split, the Rotella Court rejected the injury and pattern discovery rule applied by a minority of the courts of appeals. See id. at 1080. While the Court declined to "settle upon a final

-6-

rule," see id. at 1080 n.2, it nevertheless left intact – at least on facts such as those presented here – the injury discovery accrual rule followed by the First Circuit, see Rodríguez v. Banco Central, 917 F.2d 664, 665 (1st Cir. 1990), and correctly applied by the district court in this case, see generally Lares Group II, 47 F. Supp. 2d 223. Accordingly, we need not belabor the issue and may quickly dispose of this case.

In Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987), the Supreme Court held that a civil RICO claim is subject to a four-year statute of limitations. See also Klehr v. A.O. Smith Corp., 521 U.S. 179, 183 (1997); Rodríguez, 917 F.2d at 665. The Court, however, left open the question of accrual. See Klehr, 521 U.S. at 189. This left the federal appellate courts free to part company, which we invariably did.

The First Circuit, in addition to the Second, Fourth, Fifth, Seventh, and Ninth Circuits, "applied an injury discovery accrual rule starting the clock when a plaintiff knew or should have known of his injury." Rotella, 120 S. Ct. at 1080 (citing cases). The Sixth, Tenth, and Eleventh Circuits, on the other hand, "applied the injury and pattern discovery rule . . . , under which a civil RICO claim accrues only when the claimant discovers, or should discover, both an injury and a pattern of RICO activity." Id. (citing cases). The Third Circuit chose yet another approach, adopting a "last predicate act"

rule.  Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1130 (3d Cir. 1988).  Under the Third Circuit's formulation, the statute of limitations "began to run as soon as the plaintiff knew or should have known of the injury and the pattern of racketeering activity, but began to run anew upon each predicate act forming part of the same pattern." Rotella, 120 S. Ct. at 1080.

In Klehr v. A.O. Smith Corp., the Supreme Court "cut the possibilities by one, in rejecting the last predicate act rule" espoused by the Third Circuit. Rotella, 120 S. Ct. at 1080.  The Court reasoned, in part, that "[s]ince a pattern of predicate acts can continue indefinitely, with each separated by as many as 10 years, that rule might have extended the limitations period to many decades, and so beyond any limit that Congress could have contemplated."  Id.

Following Klehr, two possibilities remained.  As a result, the Court was called upon to once again address the accrual question in Rotella, where, as indicated, it rejected the injury and pattern discovery rule.  The Court carefully explained its reasoning, stating:

> By tying the start of the limitations period to a plaintiff's reasonable discovery of a pattern rather than to the point of injury or its reasonable discovery, the [injury plus pattern] rule would extend the potential limitations period for most civil RICO cases well beyond the time when a plaintiff's cause of action is complete, as this case shows . . . . [Accordingly, the injury plus pattern rule] would bar repose, prove a godsend to stale claims, and

> doom any hope of certainty in identifying
> potential liability.

Id. at 1082-83 (footnote omitted).

Under the principles announced in Rotella, Rodríguez v. Banco Central remains the law of this Circuit.  In Rodríguez, we held:

> After considering the arguments, we find that we agree with the majority view, which ties "accrual" to the time a plaintiff knew or should have known of his injury.  We shall follow the principles adopted by the Second Circuit in Bankers Trust Co. v. Rhoades, 859 F.2d 1096 (2d Cir. 1988).

917 F.2d at 665.  In Bankers Trust, the Second Circuit stated "we . . . hold that each time a plaintiff suffers an injury caused by a violation of 18 U.S.C. § 1962, a cause of action to recover damages based on that injury accrues to plaintiff at the time he discovered or should have discovered the injury."  859 F.2d at 1102.

In addition, we note that in Rotella the Supreme Court indicated that "in applying a discovery accrual rule, . . . discovery of the injury, not discovery of the other elements of a claim, is what starts the clock."  120 S. Ct. at 1081.  While we recognize that in Rotella the Supreme Court did not affirmatively adopt the injury discovery rule, we nonetheless believe that this passage is instructive and accurately reflects the law of this Circuit.

In this case, the record contains ample evidence that appellants knew of their injury prior to the statutory period.  First,

appellants learned that they were not awarded the subject lease in November 1988. Thereafter, in 1988 and continuing into 1989, appellants complained about the lease award to the Governor's office, to Cranston Mayor James Taft, to the State Director of Administration, to members of Congress, to the United States Attorney for the District of Rhode Island, to the Rhode Island Attorney General, to the Providence Journal, to the Warwick Beacon, and to Eastland Bank. In addition, in 1990, The Lares Group II was placed into receivership and Laramee filed a lender liability action against Eastland Bank, accusing the bank and its officials of complicity in the lease deal. Given this evidence, the district court correctly determined that appellants knew of their injury prior to August 30, 1991. Consequently, since this action was not filed until August 30, 1995, appellants' RICO claim is barred by the applicable four-year statute of limitations as a matter of law. See Rotella, 120 S. Ct. at 1080; Rodríguez, 917 F.2d at 665.

In reaching this conclusion, we are mindful that the record in this case clearly indicates that appellants' cause of action was complete at the time of their injury. Rotella was premised on a similar record, as the Supreme Court carefully explained:

> Some Circuits apply injury and pattern discovery out of fear that when the injury precedes a second predicate act, the limitations period might otherwise expire before the pattern is created. Respondents argue that this overlooks the cardinal principle that a limitations period

> does not begin to run until the cause of action is complete.
>
> The quandary is hypothetical here; Rotella does not dispute that his injury in 1986 completed the elements of his cause of action. Hence, we need not and do not decide whether civil RICO allows for a cause of action when a second predicate act follows the injury, or what limitations accrual rule might apply in such a case.

120 S. Ct. at 1083 n.4 (citations omitted). We follow suit here, leaving open the possibility that a different accrual rule may apply where a plaintiff's injury does not complete her cause of action.

Finally, because appellants' federal RICO claim constituted the sole basis for subject matter jurisdiction in this case, the district court acted well within its broad discretion in dismissing without prejudice appellants' supplemental state law claims. See, e.g., Newman v. Burgin, 930 F.2d 955, 965 (1st Cir. 1991). Appellants' contention that the district court intentionally delayed issuing its decision until after the applicable state statutes of limitations may have expired on many of appellants' state law claims is spurious. Furthermore, as a matter of law, "[w]e are not prepared to say that, where other features of a case support dismissal, a federal district court (to dismiss the claim) also must be certain a plaintiff with pendent state-law claims can proceed in state court." Id. We need not analyze this claim any further.

**CONCLUSION**

-11-

For the reasons stated above, **we affirm**.