WILLIAM G. SOURA, SECOND, petitioner. March 12, 2002. *Habeas Corpus. Practice, Criminal,* Postconviction relief.

William G. Soura, II, appeals from a single justice's denial of his petition for a writ of habeas corpus pursuant to G. L. c. 248, § 1. Because Soura is not entitled to relief under this statute, we affirm the order of the single justice.

In 1993, Soura was tried by a jury on four identically worded indictments charging him with four separate instances of nonforcible rape of a child in violation of G. L. c. 265, § 23. The jury convicted him on two of the indictments and acquitted him on the other two.[1] Soura appealed from the judgments against him, as well as from the trial judge's denial of his motion for a new trial. The Appeals Court affirmed Soura's convictions and the denial of his motion for a new trial. *Commonwealth* v. *Soura,* 42 Mass. App. Ct. 1126 (1997) (order and memorandum pursuant to its rule 1:28). We denied further appellate review. *Commonwealth* v. *Soura,* 425 Mass. 1106 (1997).

Three years later, Soura filed a petition for a writ of habeas corpus in the Superior Court. Soura claimed that his acquittal on two of the child rape indictments nullified his convictions on the other two indictments. Thus, Soura argued, his convictions and subsequent incarceration have subjected him to double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution. A Superior Court judge treated the habeas corpus petition as a motion for a new trial under Mass. R. Civ. P. 30, 378 Mass. 900 (1979). He denied the motion on the ground that Soura had waived his claims by not presenting them in his initial motion for a new trial. Soura did not appeal from the motion judge's decision. Instead, he filed a virtually identical petition for a writ of habeas corpus in the county court.

The single justice properly denied the petition. There is no question that Soura presently is incarcerated pursuant to his convictions, or that his claims for relief center on the indictment, trial, conviction, and sentencing stages of the criminal proceedings against him. Our habeas corpus statute does not apply in these circumstances. See G. L. c. 248, § 25. Cf. *Averett, petitioner,* 404 Mass. 28, 30 (1989) ("where a petition for a writ of habeas corpus is based on grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage, we have commented favorably on the propriety of issuing writs of habeas corpus"). A motion for postconviction relief under rule 30 is

---

[1]Soura also was convicted on four other indictments charging him with indecent assault and battery on a child under the age of fourteen years. Those convictions, which resulted in probationary sentences, are not presently before us.

the proper vehicle for addressing Soura's grievances. See *Stewart, petitioner*, 411 Mass. 566, 568-569 (1992); *McCastle, petitioner*, 401 Mass. 105, 106-107 (1987). See, e.g., *Hines* v. *Commonwealth*, 423 Mass. 1004, cert. denied, 519 U.S. 984 (1996), and cases cited.

Nor is Soura's petition redeemed by his cursory suggestion that he was denied effective assistance of appellate counsel. Soura did not raise this issue before the single justice, and we will not consider it here. Soura had adequate postconviction avenues to pursue this claim. See *Bates* v. *Commonwealth*, 434 Mass. 1019, 1020 (2001) (claim of ineffective assistance of appellate counsel may be raised in motion pursuant to rule 30).

*Order affirmed.*

The case was submitted on briefs.

*William G. Soura, II*, pro se.

*Joseph A. Pieropan*, Assistant District Attorney, for the Commonwealth.