**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2031

'OMAR 'ABDULLAH,

Plaintiff, Appellant,

v.

JEAN M. KENNET, sued in her individual
and official capacity, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

'Omar 'Abdullah on brief pro se.
Natalie S. Monroe and Thomas F. Reilly, Office of the Attorney General, on brief for appellees.

July 15, 2004

**Per Curiam**. Appellant, 'Omar 'Abdullah, appeals from the district court's dismissal of his complaint alleging claims under 42 U.S.C. § 1983 and § 1985 and refusal to exercise pendant jurisdiction over his state law claims. We have reviewed the parties' briefs and the record on appeal, and we <u>affirm</u> for the reasons stated by Judge Gertner in her October 25, 2002 Memorandum and Order.

Regarding his due process claim, Appellant contests that the <u>Parratt-Hudson</u> doctrine is the appropriate analysis to apply to his alleged deprivation of a liberty interest. Appellant is misguided. The <u>Parratt-Hudson</u> line of cases frames the analysis for a violation of procedural due process, regardless of which interest petitioner claims to have been deprived. <u>See</u> <u>Zinermon</u> v. <u>Burch</u>, 494 U.S. 113, 131-32 (1990); <u>Brown</u> v. <u>Hot, Sexy and Safer Productions, Inc.</u>, 68 F.3d 525, 535-36 (1995).

Appellant further argues that <u>Parratt</u> and <u>Hudson</u> are inapposite to his claim because Appellees' conduct was not "random and unauthorized." Appellant contends that Appellees Kennett's and Kenneally's transfer of his petition to the Single Justice Session clerk's office is in contravention to Rule 31(d) of the Massachusetts Rules of Civil Procedure. By his reasoning, Rule 31(d) designates conduct for clerks, and therefore, Appellees' conduct cannot be "random and unauthorized." Appellant inverts the rationale of the <u>Parratt-Hudson</u> line of cases.

-2-

Where a non-discretionary procedure for protecting a liberty interest exists, a state employee's violation of that mandated procedure is "random and unauthorized." See Brown, 68 F.3 at 536-37; Lowe v. Scott, 959 F.2d 323, 344 (1st Cir.1992). It is not the procedures under Rule 31(d) that Appellant charges are the source of his deprivation. Rather, Appellant complains that Appellees' alleged failure to follow these procedures caused a deprivation of his liberty interest in access to the court. It is exactly this kind of alleged conduct, the failure of state employees to follow mandated procedures, which the state cannot adequately predict or prevent, that the Parratt-Hudson doctrine addresses. See Zinermon, 494 U.S. at 131-32; Brown, 68 F.3 at 536-37; Lowe, 959 F.2d at 344. Looking to the adequacy of a post-deprivation remedy was, therefore, the appropriate analysis, and Appellant's due process claim was properly dismissed.

Next Appellant argues that a clerical error on the docket sheet, designating the nature of his case as a habeas petition under M.G.L. c. 248 § 35, which specifically excludes individuals confined under a criminal conviction, caused the single justice to dismiss his petition, and thus, denied him court access. Appellant's state filing unambiguously states that he is bringing suit pursuant to M.G.L. c. 248 § 1. Justice Ireland, before whom the state petition was brought, would have reviewed this filing to make a determination; that the docket sheet contained a clerical

-3-

error is of no consequence.  Furthermore, a habeas petition is not the appropriate vehicle with which to challenge indictment, trial, conviction or sentencing in Massachusetts.  See In re Soura, 436 Mass. 1003 (2002); Valliere v. Superintendent of Mass. Correctional Inst., 429 Mass. 1024 (1999); Petition of Stewart, 411 Mass. 566 (1992).  Dismissal of a habeas petition does not preclude a petitioner from pursuing the proper vehicle, a motion under Mass. R. Crim. P. 30.  Appellant could have sought this form of relief.

Appellant pleads a race-based animus in support of his Section 1985(2) claim for the first time on appeal, and we decline to entertain the issue at this late date.  See Teamsters, Chauffeurs, Warehousemen and Helpers Union Local No. 59 v. Superline Trans. Co., 953 F.2d 17, 21 (1st Cir. 1992).

Appellant also brought suit for conspiracy under Section 1983, which the district court did not address.  We dismiss Appellant's claim here.  "In order to make out an actionable conspiracy under section 1983, a plaintiff has to prove not only a conspiratorial agreement but also an actual abridgment of some federally-secured right."  Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001).  Appellant has failed to state a claim for violation of the First or the Fourteenth Amendment and therefore, likewise has no cause of action for conspiracy under Section 1983.

Lastly, it was well within the district court's discretion to decline to exercise pendant jurisdiction over

Appellant's state law claims after it had dismissed Appellant's federal claims. Lares Group II v. Tobin, 221 F.3d 41, 45 (1st Cir. 2000).

Affirmed with the direction that dismissal of the pendant state claims is without prejudice.  Loc. R. 27(c).