Robert Aldrich
appeals from a judgment of a single justice of this court *850 denying his petition for a writ of habeas corpus pursuant to G. L. c. 248, § 1. We affirm.
The case was submitted on briefs.
Robert Aldrich, pro se.
In December, 2009, Aldrich was convicted by a Superior Court jury of attempting to commit a crime in violation of G. L. c. 274, § 6; unarmed burglary in violation of G. L. c. 266, § 15; and two charges of larceny in an amount over $250 in violation of G. L. c. 266, § 30 (1). He was also convicted of being a habitual offender. He thereafter filed several motions in the trial court for postconviction relief and for a hearing on those motions, between February and April, 2010. On May 17, 2010, he filed, in the county court, a petition for a writ of habeas corpus and “release from unlawful confinement.” Aldrich asserted in that petition that his motions for postconviction relief in the trial court had not yet been acted on and he thus had no other remedy than to seek a writ of habeas corpus from the Supreme Judicial Court. On May 18, 2010, one day after he filed his petition, his motions in the trial court were denied.[1] The single justice then denied Aldrich’s petition on the basis that the relief he sought was moot because his motions in the trial court had been decided.
Although Aldrich is appealing from the decision of the single justice, he does not address at all the single justice’s ruling that the relief he initially sought in the county court had become moot. The single justice was correct in reaching that conclusion. See Rasten v. Northeastern Univ., 432 Mass. 1003 (2000), cert, denied, 531 U.S. 1168 (2001).
In his submissions to this court — including a “petition to transfer habeas corpus petition to the Suffolk Superior Court to adjudicate facts” — Aldrich asks us to transfer his petition to the Superior Court for “a factfinding hearing” and, after an adjudication of the facts, that the case then be reported back to this court for a determination whether his confinement is in violation of the United States Constitution. The fact finding that Aldrich seeks relates to his assertion that just prior to his trial he received a threatening telephone call from a police officer, which led to a decision by Aldrich not to testify on his own behalf. Aldrich’s claim for relief centers on the criminal proceedings against him. “Our habeas corpus statute does not apply in these circumstances. See G. L. c. 248, § 25.” Soura, petitioner, 436 Mass. 1003, 1003 (2002). See Stewart, petitioner, 411 Mass. 566, 568 (1992), citing Averett, petitioner, 404 Mass. 28, 31 (1989). “A motion for postconviction relief under [Mass. R. Crim. R 30, as appearing in 435 Mass. 1501 (2001),] is the proper vehicle for [Aldrich’s] grievances.” Soura, petitioner, supra at 1003-1004, and cases cited. Aldrich has sought and was denied such relief in the trial court, and the trial court docket indicates that he has filed a notice of appeal from the denial of his postconviction motions. He is free to press his claims in that appeal. That he has not to date received the relief he seeks through the ordinary post-conviction motion process does not entitle him to habeas corpus relief.

Judgment affirmed.

Shortly before Aldrich filed his petition in the county court, the trial judge had issued a procedural order indicating that all of Aldrich’s pending motions in that court were being reviewed.