# United States Court of Appeals
## For the First Circuit

No. 12-2351

SANTIAGO ACEVEDO-PÉREZ; ELIZABETH PRÍNCIPE-TRINIDAD,

Plaintiffs, Appellants,

CONJUGAL PARTNERSHIP ACEVEDO-PRÍNCIPE
(Legal Society of Earnings),

Plaintiff,

v.

UNITED STATES; DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION AND
CUSTOMS ENFORCEMENT; JANET NAPOLITANO; LYDIA ST. JOHN-MELLADO;
JOHN DOE; RICHARD ROE, and their respective insurance companies,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella and Lipez, Circuit Judges,
and Gelpí,* District Judge.

Juan R. Rodríguez, with whom Rodríguez López Law Offices,
P.S.C. was on brief, for appellants.
Ginette L. Milanés, Assistant United States Attorney, with
whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, were on brief, for appellee.

October 6, 2014

---

*Of the District of Puerto Rico, sitting by designation.

**LIPEZ, <u>Circuit Judge</u>**.  Plaintiff-appellant Santiago Acevedo-Pérez ("Acevedo") was an employee with United States Immigration and Customs Enforcement ("ICE") in the Department of Homeland Security ("DHS").  Following the denial of his administrative claim for employment discrimination on the basis of age and national origin, he filed a lawsuit claiming liability under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, Section 1983, the Federal Torts Claims Act, and Puerto Rico law.  The district court awarded summary judgment to the defendants on the grounds that the plaintiff did not present an FTCA claim in his administrative complaint and that the other claims were time-barred.  We affirm.

## I.  Background

Acevedo was stationed in the San Juan office.  In July of 2005, DHS headquarters in Washington, D.C., was short of personnel and "sought special agent volunteers [at least two volunteers from the San Juan office] for lateral transfers."

The Special Agent in Charge of the San Juan office asked for volunteers to transfer.  At least one employee, Edward Owens, volunteered and his transfer was approved.  In order to fill the other transfer slot, the Special Agent in Charge prepared a list of four agents based on seniority.  On or about September 7, 2005, Acevedo received a letter from the Director of ICE informing him of

his reassignment to DHS headquarters. Acevedo accepted the reassignment on September 22, 2005.

Due to family problems, Acevedo requested two extensions of time to relocate, which were granted by DHS. His third request for an extension of time was denied. On March 3, 2006, Acevedo decided to retire rather than transfer.

On June 1, 2006, Acevedo filed a complaint of employment discrimination with the Office of Equal Employment Opportunity and Diversity Division of DHS ("EEO") alleging that he was constructively discharged on the basis of his age or national origin. The EEO ultimately denied Acevedo's claim in 2009. It sent him a letter explaining the decision as well as a "Notice of Appeal Rights" (also called the "Right to Sue Letter"), which he received on July 1, 2009.

Acevedo commenced this action on September 30, 2009. His complaint alleges that he was "forced to resign (constructive discharge)" and that he was "humiliated, retaliated, discriminated, harassed, [and] persecuted" by his supervisors and his peers. He asserts claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2. Acevedo also asserts a claim under 42 U.S.C. § 1983 that his constitutional right to due process has been violated, as well as claims under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and

-3-

Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-5142.

Defendants moved for summary judgment. Finding the record incomplete on the issue of whether the action was timely filed, the district court ordered Acevedo to supplement it by providing "the Right to Sue Letter and/or the final determination of the [EEO]." After Acevedo provided the requested documentary evidence, the court held a hearing and found the action time-barred by one day. Before judgment was entered reflecting that ruling, plaintiff filed a motion seeking an order that the remaining claims, other than employment discrimination under the ADEA and Title VII, were not time-barred. The district court denied that motion and entered judgment for the defendants on all claims.[1] This appeal followed.

## II.  Discussion

The decision appealed from here is the district court's denial of plaintiff's motion seeking an order that his claims are

---

[1] Acevedo filed a motion to reconsider, which the district court ultimately denied some months later. Acevedo's notice of appeal did not encompass that ruling as the notice was filed on the same day that he requested reconsideration from the district court. Acevedo neither amended his pending notice of appeal nor filed a new notice after the district court's decision on reconsideration. Hence, we do not consider here the denial of reconsideration. See Fed. R. App. P. 3(c)(1)(B) (stating that the notice of appeal must "designate the judgment, order, or part thereof being appealed"); United States v. Ortiz, 741 F.3d 288, 292 (1st Cir. 2014) ("It is common ground that our review of a district court's order is circumscribed by the filed notice of appeal.").

not time-barred and may proceed.  The court's ruling in effect completed its consideration of defendants' motion for summary judgment, and we thus treat its decision as a grant of summary judgment for the defendants on all claims.  Accordingly, we review the decision de novo, Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 428 (1st Cir. 2000), and may find that summary judgment was properly granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

## A.  ADEA and Title VII Claims[2]

Upon ruling on Acevedo's claims the EEO issued a "Notice of Appeal Rights" to him, which he received on July 1, 2009.  The notice stated in pertinent part:

> You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court. . . .
>
> FILING AN APPEAL WITH EEOC
> You have the right to appeal this decision to EEOC within 30 days of the day you receive this final decision. . . .
>
> FILING A CIVIL ACTION
> You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final

---

[2] Acevedo's EEO complaint was based on claims of age and national origin discrimination under Title VII, 42 U.S.C. § 2000e-2, and age discrimination under the ADEA, 29 U.S.C. §§ 621-634. His complaint in this action refers generally to "Federal Labor Laws" but makes no specific mention of the bases for his discrimination claims.

decision if you do not appeal to EEOC, or within 90 days after receipt of EEOC's final decision on appeal. You may also file a civil action after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

Acevedo filed his complaint in the United States District Court for the District of Puerto Rico on September 30, 2009 -- 91 days after receiving this notice. Acevedo concedes on appeal, as he did before the district court, that his complaint was not timely with respect to the discrimination claims raised before the EEO. Hence, we need not further address those claims.[3]

## B. FTCA Claims

Acevedo argues that the district court erred in finding that the entire action was time barred because he had an addendum to the EEO complaint that served as an administrative complaint for the purposes of the FTCA. Thus, he maintains that the complaint was timely as to the alleged "FTCA claim" because, under the FTCA, he had 180 days from receipt of the final agency decision to file the complaint.

The FTCA explicitly provides that

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of

---

[3] In ruling on Acevedo's motion for reconsideration, the district court considered whether he was entitled to equitable tolling of those claims and concluded that the doctrine was inapplicable. As noted above, that decision is not before us.

-6-

> the Government while acting within the scope of his office or employment, <u>unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail</u>.

28 U.S.C. § 2675(a) (emphasis added).

Acevedo submitted his EEO complaint, accompanied by the addendum at issue, on June 1, 2006. The complaint itself indicated that he was alleging discrimination on the bases of national origin and age. The addendum discusses only those discrimination claims. In the context of describing the national origin discrimination claim, Acevedo makes a seemingly out-of-place allegation about the improper use of funds that he maintains should have been used only in Puerto Rico rather than for the relocation of employees to the DHS main office. Acevedo links the funding issue to national origin discrimination, rather than raising an independent tort claim based on it.

After Acevedo submitted his EEO complaint, he received a letter, dated June 30, 2006, formally acknowledging the complaint. The letter stated, in pertinent part:

> Your complaint has been assigned number HS-06-ICE-001210 and has been accepted on the bases of age (53) and national origin (Puerto Rico/Hispanic). . . . Please be advised that all other references contained in the formal complaint will be used as background information to support the issues as stated. If you wish to report additional allegations or incidents, they must be submitted to the Director, EEO, in writing.

-7-

Acevedo submitted no document attempting to report additional allegations to the Director. The EEO issued its final decision denying Acevedo's discrimination claims without making any reference to a potential FTCA claim.

Based on the above-described documentation, which is all uncontested evidence in this matter, there can be no dispute that Acevedo failed to present an FTCA claim to the EEO. Accordingly, Acevedo has not exhausted his claim as required under 28 U.S.C. § 2675(a) and, hence, he is not permitted to pursue an FTCA claim in this action. We thus agree with the district court that, to the extent that the complaint asserts an FTCA claim, it must be dismissed.

## C. Constitutional Claims

Acevedo also argues that his complaint states a constitutional tort claim under 42 U.S.C. § 1983 for violation of the Due Process Clause. Specifically, he argues that he was deprived of a property interest -- his position at DHS -- without due process of law.

However, it is well-established that § 1983 claims borrow the forum state's statute of limitations. See City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 123 n.5 (2005).[4] In Puerto Rico, the applicable limitations period is one year. See Rodríguez

---

[4] For this purpose, Puerto Rico is the functional equivalent of a state. See Santiago v. Puerto Rico, 655 F.3d 61, 69 (1st Cir. 2011).

<u>Narvaez</u> v. <u>Nazario</u>, 895 F.2d 38, 42 (1st Cir. 1990) ("Ever since the days of the Spanish-American [W]ar it has been the law of Puerto Rico that the limitations period for tort actions . . . is the one year limitations period provided by [P.R. Laws Ann. tit. 31, § 5298(2)]."); <u>Olmo</u> v. <u>Young & Rubicam of P.R., Inc.</u>, 10 P.R. Offic. Trans. 965, 969-70 (P.R. 1981) (wherein the Puerto Rico Supreme Court set forth the actions for which the applicable statute of limitations is one year).

Though § 1983 borrows the limitations period itself from local law, the accrual date for a § 1983 claim is set by federal law. <u>See</u> <u>Morán Vega</u> v. <u>Cruz Burgos</u>, 537 F.3d 14, 20 (1st Cir. 2008). Under federal law, such a cause of action accrues "when the plaintiff knows, or has reason to know of the injury on which the action is based." <u>Id.</u> (internal quotation marks omitted). Here, Acevedo retired, allegedly because he was forced to, on March 3, 2006. This action was commenced on September 30, 2009, some three years later. Acevedo has failed to create a genuine issue of material fact as to that timeline or as to any circumstance that may have tolled that period. Accordingly, to the extent that the complaint states a claim under § 1983, it is time-barred. The district court was thus correct in dismissing any such claim.

**D. Pendent Claims Under Puerto Rico Law**

Acevedo's remaining claims are based on Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-5142.  A district court has "broad discretion" to exercise pendent jurisdiction over state law claims after it has dismissed federal law claims.  <u>Lares Group II</u> v. <u>Tobin</u>, 221 F.3d 41, 45 (1st Cir. 2000).  Here, the district court invoked that discretion, deciding that "Acevedo cannot have a cause of action under local law when plaintiff's federal cause of action fails."  The district court did not err in dismissing Acevedo's claims under Puerto Rico law on that basis.[5]

**<u>Affirmed.</u>**

---

[5] We also note, as the district court did, that Acevedo's claims under Puerto Rico law would be subject to the same statute of limitations period (one year) as the § 1983 claim.  Hence, those Puerto Rico law claims are time-barred for the same reasons as the § 1983 claim described above.